JACOB COIL, Plaintiff in Error, *v.* IRWIN S. PITMAN'S ADMINISTRATOR, Defendant in Error.

1. *Administration — Will annexed, public administrator with, ordered to sell under will, can not be compelled to give deed by County Court.* — A public administrator, with the will annexed, was directed, under the will, to sell the real estate of the testator for a specified object not connected with the administration. Suit being brought in the County Court to compel him to execute a deed for the land to the purchaser, *held* as follows: 1st. County Courts exercising probate functions, although a branch of the State judiciary, have only such power and jurisdiction as are conferred on them by the statute.

2d. The act investing them with probate jurisdiction (1 Wagn. Stat. 440, ? 7) does not clothe them with jurisdiction of such a proceeding. Where the authority of the administrator to sell is derived from the statute, he acts in obedience to the orders of the court, and is subject to its control, and the court possesses full supervisory power and jurisdiction in all matters touching the premises, as in compelling him to make a deed to the purchaser; but where a specific power to sell is conferred by will, and does not exist in consequence of any statute, the rule is otherwise, and the County Court can not entertain jurisdiction. The fact that the statute designates the administrator as the proper person to execute the power of sale, does not give it jurisdiction over the subject-matter. In the case cited relief should be sought in a court of chancery, and not in the County Court.

2. *Jurisdiction not given County Court by implication.*—Where the statute has not clearly devolved jurisdiction on the County Court, it can not be given by implication.

## *Error to Sixth District Court.*

*E. A. Lewis*, for plaintiff in error.

I. The County Court had jurisdiction of the subject-matter of the petition. (Jones' Appeal, 3 Grant's Cas. 169 ; Dubois v. Sands, 43 Barb. 412 ; Seaman v. Duryea, 10 Barb. 523 ; Cleveland v. White, 31 Barb. 546.)

II. In the case now before the court, the defendant in error was not the person named or appointed by the testator to discharge the trust. He was not even the executor named in the will. He was appointed to discharge the trust solely by "operation of law:" first, in his appointment and qualification as administrator *cum testamento annexo*, with which the testator had nothing to do ; and, secondly, by direct operation of the statute (1 Wagn. Stat. 93, § 1). An examination of the Pennsylvania statutes will show that in that State the authority of the Orphans' Court over the real estate of decedents is as specifically defined as in this. Yet it is there held that the authority to sell being first given by the testator, the duty of the administrator to carry out the authority is imposed upon him as a part of his office and by operation of law. The probate tribunal confers no authority upon him. It simply directs and controls him in the discharge of a duty, as it may well do, touching every duty of his office. (Dunlop, 541.)

*Henderson & Dyer*, for defendant in error.

I. The sale of lands by an executor under a will is a specific power conferred by the will, and not derived from the administration law.

II. Where lands are sold for the payment of debts (1 Wagn. Stat. 94, §§ 8, 21, 23, 24, 25), sundry specific requirements of the statute must be carried out. Not so in the case of a sale under a will. In this case there need be no appraisement, no advertisement, no public auction during a term of court, no requirement as to the amount for which it shall sell, no denial of the right of executor to purchase except for a given sum, and no requirement that the executor shall report his proceedings to the Probate Court.

III. The administrator was a trustee for the heirs of Pitman, and alone responsible in a court of chancery for his conduct so far as this plaintiff is concerned.

IV. The statute enumerates the cases in which the court will order an administrator to convey real estate. (1 Wagn. Stat. 98, §§ 36, 37.) Its jurisdiction extends no further in this direction. (*Id.* 99, § 38 *et seq.*)

WAGNER, Judge, delivered the opinion of the court.

Pitman died in Warren county, Missouri, in 1862, leaving a last will, which was admitted to probate in that county. The will provided that, after the death of the testator's widow, the executor should sell the real estate and divide the proceeds among his children. The executor named in the will neglected to qualify, and Parker, the public administrator, took charge of the estate with the will annexed.

The widow having died in 1865, Parker advertised and sold the land; and the plaintiff in error, Coil, became the purchaser and made part payment, giving his note for the remainder. On the maturity of the note for the deferred payment, he alleges he tendered to Parker the amount due thereon, and that the latter refused to receive the money or to execute a deed for the land.

The plaintiff in error then filed a petition and made a motion in the County Court, asking for an order on Parker to compel him to execute a deed.

The motion being overruled by the County Court, plaintiff in error appealed the case to the Circuit Court of Warren county, whence it was removed by change of venue to the St. Charles County Circuit Court, in which court a motion to dismiss the proceeding for want of jurisdiction was made and sustained. The case was then appealed to the District Court, where the judgment of the Circuit Court was sustained.

The only question presented for consideration is whether the County Court of Warren county, as a court of probate, had jurisdiction over this proceeding. The County Court, exercising probate functions, although a branch of the State judiciary, has only such power and jurisdiction as is conferred on it by the statute.

That the administrator with the will annexed was the proper person to make the sale and execute the trust is undoubted; for the statute explicitly declares that the sale and conveyance of the real estate under a will shall be made by the acting executor or administrator with the will annexed, if no other person be appointed by the will for that purpose, or if such person fail or refuse to perform the trust. (Wagn. Stat. 93, § 1.)

The section investing the County Courts with jurisdiction provides that the several County Courts shall, when not otherwise provided by law, have exclusive, original jurisdiction in all cases relative to the probate of last wills and testaments, the granting letters testamentary and of administration, and repealing the same, appointing and displacing the guardians of orphans, minors, and persons of unsound mind, lunatics; in binding out apprentices, and in the settlement and allowance of accounts of executors, administrators, and guardians; to hear and determine all disputes and controversies whatever respecting wills, the right of executorship, administration, and guardianship, or respecting the duties or accounts of executors, administrators, or guardians, and all controversies and disputes between masters and their apprentices; to hear and determine all suits and other proceed-

ings instituted against executors or administrators, upon any demand against the estate of their testator or intestate, when said demand shall not exceed $100, and concurrent jurisdiction with the Circuit Court in all such cases when the demand shall exceed that sum — subject to appeal, in all cases, to the Circuit Court, in such manner as may be provided by law. (1 Wagn. Stat. 440, § 7.)

It is evident that no authority can be derived for this proceeding from the foregoing section, for it speaks throughout of the duties of executors and administrators respecting the adjustment and allowance of demands against estates, the granting of letters, the probate of wills, disputes and controversies concerning wills, the right of executorship and administration. The present case does not fall within any of the grants of power by which a warrant to act is delegated to the County Court.

Where the executor or administrator sells real estate in obedience to the orders of the County Court, the statute points out the mode that he shall pursue. He must have the land appraised; he must advertise in a certain way before the sale takes place; the sale must be had at a certain time; the property must bring a certain amount, and there must be a report and approval to render it valid. (1 Wagn. Stat. ch. 2, art. 3.)

When the authority for the sale is thus derived from statutory provisions, the executor or administrator making the sale acts in obedience to the orders of the court, and he is subject to its control, and the court possesses full supervisory power and jurisdiction in all matters touching the premises.

But in the case we are now considering, the specific power to sell is conferred by the will, and does not exist in consequence of any statutory law. The administrator acted independently of the County Court. He was not amenable to it for the performance of any duty respecting the sale; and the manner, time, price, place, etc., were all matters resting in his sound discretion. He was not required to make any report or settlement with the County Court in reference to his action; in fact, the sale had nothing to do with anything relating to the administration. The will gave the power of attorney to sell for a specified object not

connected with anything touching the administration; and because the statute, in this instance, designated the administrator as the proper person to execute the power, it does not follow, therefore, that the County Court shall assume jurisdiction over the subject-matter.

The relief should be sought in a court of chancery. The counsel for the plaintiff in error has referred us to two cases as sustaining his position. The first case alluded to is in Jones' Appeal, 3 Grant's Cas. 169, and the reporter's head-note seems to bear out the doctrine contended for. It says: "Where a man directs by will that his executors shall sell his lands or perform any other trust created by his will, or when he creates a trust without saying who shall execute it, and appoints an executor, the execution is intrusted to him by operation of law, and the Orphans' Court alone has jurisdiction." But this adjudication was founded on the express provisions of a statute in Pennsylvania. In speaking on this subject, the court, in the opinion, say: "Now, although the 15th section of the act of 14th of June, 1836, relating to assignees and trustees, confers jurisdiction on the common pleas, in trust created by will as well as by deed, yet the proviso excepts such testamentary trusts as are vested in executors or administrators, who are by existing laws amenable to the Orphan's Court." It seems, therefore, that, by the proviso to the section on which the judgment was based, the Orphans' Court was invested with jurisdiction.

In Dubois v. Sands, 43 Barb. 412, the question arose as to the authority of the surrogate to compel executors to perform their duty, by expending for the benefit of infant legatees the interest of a sum of money intrusted to them for that purpose by the testator.

By the revised statutes, the surrogate was authorized to direct and control the conduct and settle the accounts of executors and administrators; to enforce the payment of debts and legacies, and to administer justice in all matters relating to the affairs of deceased persons, according to the provisions of the statute. It was held that under and by virtue of these enactments, there was ample authority to compel the executors to perform their duty by

expending for the benefit of the testator's grandchildren the interest of the fund which had been intrusted in their hands for that purpose. "The authority," said the judge, "however, to do certain acts, or to exert a certain degree of power, need not be given in express words, but may be fairly inferred from the general language of the statute; or if it be necessary to accomplish its objects and to the just and useful exercise of the powers which are expressly given, it may be taken for granted."

There is nothing to be taken for granted here. There is nothing to carry out powers which are expressly given, or to accomplish just and useful purposes. This proceeding was instituted to compel specific performance, and a court of equity is much more appropriate to determine and grant relief in such a case than a County Court. Where the statute has not clearly devolved jurisdiction on the County Court, we are not disposed to give it by implication. Therefore, the judgment will be affirmed. The other judges concur.