JOSEPH DILWORTH, Defendant in Error, v. ANAPIAS RICE, Plaintiff in Error.

1. *Wills, proof of — Probate Court, judgment of, how impeached.*— The judgment of a court probating a will is like the judgment of any other court of competent jurisdiction, and cannot be impeached collaterally. It matters not that the court erred, or that the evidence upon which it was founded was not sufficient to justify it. That would simply constitute an error in the proceedings of the court rendering it. But the judgment would be valid until reversed, annulled, or set aside in the proper manner. The evidence is no part of the judgment, and whether it was rendered upon sufficient or legal evidence can only be inquired into by a direct proceeding. The evidence does not confer jurisdiction upon the court; it is merely the means by which the conclusion is arrived at.

2. *Wills — Powers — Execution, by administrator with will annexed, of power not executed by the executor in whom it was vested by the will.*—Under section 1, article III, chapter 2, Wagn. Stat. 93, an administrator with the will annexed can legally and effectively execute a power of sale of lands which was vested by the testator in the executor named in the will, when such executor has died without executing the power, and when the will absolutely directs that the lands shall be sold, and no confidence or trust is reposed specially in the executor named, although the power may be accompanied by and involve the exercise of a discretion.

*Error to St. Louis Circuit Court.*

*Krum & Decker,* for plaintiff in error.

I. The certified transcript from the clerk's office of the Probate Court, purporting to be a will, upon which a certificate of probate was issued, was not conclusive evidence of the will, and the proof offered and excluded by the court repelled the only effect which the statute gives to such a transcript. The transcript was offered under section 27 of the statute of wills (Wagn. Stat. 1368, § 27). Under this section it is admitted only when the will has been "proved as aforesaid"—that is, when proved according to the express requirements of the preceding statutory provisions.

(*a*) It must be attested by two witnesses (§ 3).

(*b*) The testimony of all the witnesses shall be reduced to writing, signed and certified (§ 20).

(*c*) When the witnesses are prevented from attending, the commission is to issue (§§ 16, 17).

(*d*) When witnesses are dead, secondary proof is to be taken of handwriting; that also must be reduced to writing, signed and certified (§§ 18, 19). When thus proved, a certificate of probate is to issue, and may be read as evidence (§ 26), and not otherwise. It is a certificate of probate in common form, and evidence only when the statutory conditions are complied with. It is not a judgment, for it cannot be appealed from. It is not as much a judgment as the order of the County Court approving and confirming an administrator's sale, which, although made after notice published to the world, is void where any of the statutory prerequisites are omitted. (Valle v. Fleming, 19 Mo. 459; Farrar v. Dean, 24 Mo. 17; Beal v. Harmon, 38 Mo. 438; Strouse v. Drennan, 41 Mo. 293.) The reasoning of the court in these cases, as applicable to administrators' and guardians' sales after notice, and under a statute which declares that such approval by the court of sales shall convey the title of the intestate or ward, applies with at least equal force to certificates of probate issued *ex parte*, and which can only be issued upon the terms specified; and especially where the statute makes such transcript evidence

only " when so proved according to the provisions of the statute," and allows the transcript " to be repelled in like manner." Such a certificate is not a judgment. A judgment is an adjudication, where parties have their day in court and right to appeal. The heir is wholly ignored in this proceeding. The statute does not contemplate his appearance, nor that he has notice or right of appeal. The court had no power to issue a certificate of probate until both witnesses or their testimony is produced. If it acts without having procured this, it acts without jurisdiction; and its act is not erroneous merely, but without any authority, wholly outside the statute, and of no validity. In Jourdan v. Meyer, 31 Mo., and Creasy v. Alverson, 43 Mo., the acts which authorized the certificate to be issued were performed. The witnesses were both produced and gave their evidence, which was certified; the condition upon which the court was to act was performed, and the court had acquired jurisdiction; and although its judgment was erroneous, it should have been impeached in the manner pointed out by law. In this case the witnesses are not produced; the clerk could not issue a certificate of rejection, nor could he issue a certificate of probate; nor could the court confirm what the clerk had no power to do. Where a judicial tribunal, although having a jurisdiction of the subject conferred, may exercise it only under a particular state of facts, those facts must appear affirmatively; and when so established and appearing, its judgment cannot be impeached collaterally; but if they do not appear affirmatively, the proceeding is *coram non judice* and void. (Staples v. Fairchilds, 3 Comst., N. Y., 41; Sander v. Rains, 10 Mo. 771.) The case of McNair v. Biddle, 8 Mo. 263, relied on by respondent, in nowise militates against the doctrine contended for. It was the judgment of a court of general jurisdiction, which had acquired jurisdiction by the appearance of the party who afterward sought collaterally to impeach the judgment. (Cutts v. Haskins, 9 Mass. 546.)

II. The land descends to the heir. A power of partition or of sale, not coupled with a devise of the land to the donee of the power, can be exercised only by the party to whom it is expressly given. (Hill on Trustees, 472.) The right of an executor to

sell lands does not exist *virtute officii*, for by virtue of his office he has to deal only with personalty. The right of the executor to meddle with the land for partition or sale can only be. derived under·a special authority; whereas the executor by law has the right to the possession and disposal of personalty. The statute (Wagn. Stat. 93, § 1) does not purport to give or vest any mere power or discretionary right, vested in another, to an administrator. It does not purport to give him any more power than was vested in the executor by the will. According to the interpretation of the respondent this statute would read as follows: " Whatever acts the executor might have done or left undone in his discretion, in respect of land, may be done or not done by the administrator," etc. Here a partition of the land is to be made by the executor, involving his judgment, and the judgment of no other person, which the testator had the right to invoke. That judgment is taken and transferred to the administrator where the executor fails to act—that is, the executor may refuse to exercise his judgment for the benefit of the devisees; then the administrator, against the will, exercises his own and sets aside the judgment of the executor. The administrator, under this construction, is put above the will and above the executor. Such was not the intention of the law-maker, nor can it be the true construction of the language. Under the statute the power vested in the administrator is limited to the sale and conveyance; hence it cannot under any possibility embrace a power of partition, particularly when the mode and manner of that partition is to be under the judgment of another. It does not contemplate a case in which the exercise of a discretion is involved.

*R. S. Voorhis* and *John Decker*, for plaintiff in error.

I. The whole tenor of the will is strikingly indicative of personal, individual trust reposed in the person nominated in the will as executor. There is no devise to the executor of any interest in the land. It is a naked power. A devise that the executors shall sell the land, or that land shall be sold by the executors, will give them simply an authority or power. (1 Sugd. Powers,

131–4; 2 Spence's Eq. Jur. 366; 1 Chance, 53, 54.) And before the statute of Henry VIII, if a power were given to two or more persons, the power could only be executed by all of the persons so named.; it could not be executed even by the survivors or survivor unless under an express authority, for it is a personal trust in all. (2 Spence, 365; 1 Chance, 233, 250–1, 683–6.)

II. In the case at bar, if the sale is imperative, and as well the division into seven equal parts prior thereto, and the executor in any event was bound to divide and sell, the matter of laying off roads in connection with that division, and the time, manner and terms of sale, were purely discretionary and were extinguished by the death of the executor. The imperative part of the trust remaining, it was a case for the interposition of chancery in the appointment of a trustee to execute the will. (Belote v. White, 2 Head, Iowa, 710, and authorities cited; Dominick v. Sayre, 3 Sandf. 555.; 4 Sandf. 402; 2 Spence, 365; 2 Russ. 495; 2 Sugd. Powers, 173.)

III. Neither the will nor the law executes in the administrator, in this case, any implied intention of the testator that he should exercise the power which was made personal in the executor. He has no power over the land except as provided by the laws of administration, and can sell only to pay debts and legacies. (Kennerly v. Shepley, 15 Mo. 649; Aubuchon v. Lowry, 23 Mo. 99; Chambers v. Wright, 40 Mo. 485; Collins v. Dulle, 45 Mo. 272.)

IV. If the power of sale and distribution of the proceeds to the seven children, by the executor named, was personal and discretionary in the executor, then the power was extinguished by his death; it did not survive either by anything contained in the will, or by law, which must first presume an intention derived from the will, before it can operate to execute a power in any other person. Without appointment by the court of the administrator *de bonis non*, with the will annexed, as trustee, he had no authority to execute the trust, however imperative. As simply an administrator with the will, he could not sell lands except to pay debts and legacies, and then only under the order or decree of a court of competent jurisdiction, or the Probate Court.

*A. Hamilton*, for plaintiff in error.

The deed of the administrator with the will annexed did not operate as an execution of the power of sale thus given by the will to the executor. The power conferred upon the executor is, in the fullest sense of the term, discretionary; it is a power in trust, personal to the executor, and consequently the statute (R. C. 1855, art. III, § 1, p. 141) is inapplicable to the case. Upon general principles, a power so essentially personal and discretionary is not transmitted to the administrator with the will annexed. (Greenough v. Wells, 10 Cush. 571; Armstrong v. Park, 9 Humph. 195; Tainter v. Clark, 13 Metc. 220; Tiff. & Bull. Trustees, 759–60, and notes; Cole v. Wade, 16 Ves. 27.) The statute applies only to the sale and conveyance of lands devised to be sold positively or at all events, and it does not extend to the case of discretionary power or power in trust. It was not intended by the Legislature to interfere where the sale is made to depend on the judgment or discretion of the donee of the power. The following cases, occurring under statutes of similar character, fully support the views here taken: Wooldridge v. Watkins, 3 Bibb, 349; Brown v. Hobson, 3 A. K. Marsh. 380; Bartlett v. Southerland, 24 Miss. 359; Montgomery v. Milliken, 5 Sm. & M. 188; S. C. & M., ch. 498; Tiff. & Bull. Trustees, 760, note 2; Conklins' v. Egerton, 21 Wend. 430; 25 Wend. 224; Dominick v. Michael, 4 Sandf. 374–99; Perkins v. Lewis, 41 Ala. 649, and cases cited; Anderson v. McGowan, 42 Ala. 280.

*Dryden & Dryden*, for defendant in error.

I. The probate of a will is essentially a judicial proceeding. (Jourdan v. Meier, 31 Mo. 42; Creasy et al. v. Alverson et al., 43 Mo. 19.)

II. The judgment of courts of competent jurisdiction, proceeding within their jurisdiction, are binding, however erroneous, until reversed in a direct proceeding for the purpose. (McNair v. Biddle, 8 Mo. 263–4.) This proposition is true alike of all courts from the highest to the lowest.

1. "In this State Probate Courts have exclusive original juris-diction in all cases relative to the probate of last wills and testa-ments." (R. S. 1845, ch. 45, § 13, p. 331.) The judgments of these courts in such cases are not only final — that is, not liable to be appealed from (Duty's Will, 27 Mo. 45) — but are conclusive in all collateral proceedings.

2. The plaintiff in error, in offering the evidence which was excluded, and in asking his second and third declarations of law, proceeded upon the fallacious notion that the validity of the judgment of the Probate Court would be affected by the suffi-ciency or insufficiency of the proof upon which it was based. It may be conceded that the proof on which the Probate Court rested its judgment establishing this will was wholly insufficient for the purpose, and still the judgment will stand until annulled in the mode prescribed by law. (Jourdan v. Meier, 31 Mo. 42.) No averment or proof will be admitted to overthrow the judgment of a Probate Court more than that of a Circuit Court. Both will stand, however erroneous, until reversed in the modes prescribed by law.

WAGNER, Judge, delivered the opinion of the court.

There are two questions to be determined in the consideration of this case. They grow immediately out of the will of Richard Wells, deceased, and the action had thereon in the Probate Court. The sixth clause of the will of the testator, Wells, contained the following provision: "All of the real estate belonging to me in this county, except that bequeathed to my wife and daughter, I direct and empower my said executor, hereinafter named, to have divided into seven equal parts, as nearly as may be, leaving such roads as he may deem necessary for the use and convenience of the lots so laid off, and sell the same at such time and on such terms as he may think fit; hereby empowering him, the said executor, to convey all my right, title and interest in said lands to the purchaser or purchasers; and the proceeds of said sale to be distributed in equal parts among my seven children, named in the seventh clause of this will." The executor named in the will

died before the execution of the power; and an administrator with the will annexed was appointed and qualified, who proceeded to carry out the directions of the will and sell the property. This suit was brought against the defendant, who holds under one of the purchasers, and as a defense he set up two grounds: first, that the probate of the will was illegal; and second, that the administrator with the will annexed had no authority to sell under the will. The court below decided against him on both these points, and he sued out his writ of error. The record shows that in the probate of the will only one witness was examined, although it was attested by two, and the requirement of the statute is that every will must be attested and proved by two subscribing witnesses. It is thence argued that as there was a defect in the proof, and the law was not complied with, the probate was a nullity, and that all proceedings thereafter were void. On the other hand it is insisted that the probate of a will under our law is a judicial act, and that a judgment of probate cannot thus be collaterally impeached, and that it is entitled to full force and effect until set aside or annulled in the manner prescribed by statute.

The character of a judgment of probate has been before this court on two previous occasions. In the first case (Jourdan v. Meier, 31 Mo. 40), where the question was raised as to the sufficiency of the proof on the taking of the probate, the judge, in delivering the opinion, said: "The insufficiency of the proof is no objection to the admissibility of the record of probate. If a will is admitted by the clerk or court upon insufficient proof, the law has provided a mode by which the validity of the will may be disputed and decided. Those who are interested in the matter are allowed five years within which they can contest the validity of the will. If the five years are suffered to elapse, and they labor under no disability, the probate is binding. A judgment of probate is like any other judgment of a court of competent jurisdiction. It must be set aside, or annulled, or reversed in the mode authorized by law, and until this is done it stands as a judgment binding upon all the world. It is not material upon what evidence the judgment is based, for that is not a part of the

judgment." In Creasy v. Alverson, 43 Mo. 13, it was again declared that the probate of a will was a judicial act.

The judgment of a court probating a will is like the judgment of any other court of competent jurisdiction; it cannot be impeached collaterally. It matters not that the court erred, and that the evidence upon which it was founded was wholly insufficient to justify it. That would simply constitute an error in the proceeding of the court rendering it. But the judgment would be valid until set aside, reversed, or annulled in the proper manner. The evidence is no part of the judgment, and whether it was rendered upon sufficient or insufficient, legal or illegal evidence, can only be inquired into by a direct proceeding. The evidence does not confer jurisdiction upon the court; it is merely the means by which the conclusion is arrived at. As respects this point we see no objection to the ruling of the court.

The next question is one of more difficult solution. As a common-law power, it is doubtful whether the authority to sell could have been transmitted to the administrator with the will annexed. There has been much refinement in the books as to who may execute a power, and as to where the right of survivorship exists. Where the power is to several persons having a trust, capacity, or an office in its nature like that of the executors of a will, susceptible of survivorship, and any of them die, the power will survive unless it is given to them *nominatim*, as to the individuals by name. In this latter case the power would not survive unless it was coupled with an interest in the donees of the power. (State, to use, etc., v. Boon, 44 Mo. 260.)

But it has been held that where the terms used in creating the power, detached from the other parts of the will, confer merely a naked power to sell, and yet the other provisions of the will evince a design in the testator that the land should be sold at all events, in order to satisfy the whole interest of the will, there, also the power survives. In this latter case it is not a naked power in the sense of Lord Coke's general rule, but is coupled with other trusts and duties which require the execution of the power to sell. (Franklin v. Osgood, 15 Johns. 553, and cases cited.) To obviate inconveniences which were found to result

from the strict rule of the common law on this subject, a statute was passed in England in the reign of Henry VIII which authorized the executor or executors qualifying, or the survivor of them, to make a valid sale of lands devised by the will to be sold. Similar statutes have been enacted in many of the States, and our statute has extended the rule still further. It enacts that "the sale and conveyance of real estate under a will shall be made by the acting executor or administrator with the will annexed, if no other person be appointed by the will for that purpose, or if such person fail or refuse to perform the trust." (1 Wagn. Stat. 93, § 1.)

This provision is traced back to our territorial laws, but the point now raised is submitted for the first time to the court for adjudication. In New York the statutory provision is that "where any real estate or any interest therein is given or devised, by any will legally executed, to the executors therein named, or any of them, to be sold by them, or any of them, or where such estate is ordered by any last will to be sold by the executors, and any executor shall neglect or refuse to take upon him the execution of such will, then a sale made by the executor or executors who shall take upon them the execution of such will shall be equally valid as if the other executors had joined in the sale." Under this statute the following case arose: A testator by his last will and testament appointed three persons his executors, and authorized them, or the survivor of them, to sell and convey any part of his real estate, "in case they should find it proper or most fit in their opinion" to sell the same for the purpose of paying his debts. Two of the executors neglected to qualify, and never acted as such. The other executor duly qualified and took out letters testamentary, in his own name only, and subsequently sold and conveyed a portion of the testator's real estate, for the purposes specified in the will. It was held that the power contained in the will was well executed; that the conveyance was valid, and that the statute — which provided that where real estate was devised to executors, to be sold by them, or was ordered by any last will and testament to be sold by them, and any of the executors neglected or refused to qualify and act as such, the sale

might be made by the executor or executors who took upon themselves the execution of the will — applied as well to discretionary as to peremptory powers of sale. (Taylor v. Morris, 1 Comst. 341.) In Kentucky, where the statute enacted "that the sale and conveyance of lands devised to be sold shall be made by the executors, or such of them as shall undertake the execution of the will," etc., a contrary opinion seems to have been arrived at.

In Wooldridge v. Watkins, 3 Bibb, 349, it was held that this statute did not apply to a case in which the testator had "left in the power of his executors to sell or exchange any part of his estate, real or personal, as they might judge necessary for the advantage of his estate." The case was decided in 1814, without any elaboration or review of the authorities. In 1830, in the case of Coleman v. McKinney, 3 J. J. Marsh. 246, it was held that the statute did apply to a case in which the testator had directed his executors to sell his lands for the payment of his debts if his personal estate should be insufficient for that purpose, because the contingency on which the sale was to be made did not depend on the judgment of the executors.

In Clay v. Hart, 7 Dana, 1, decided in 1838, that court affirmed the law as laid down in Wooldridge v. Watkins, and added that the like doctrine had been long and incontrovertibly settled in England in reference to this statute of 21st Henry VIII, ch. 4; but Judge Ruggles, in his thorough and exhaustive criticism of the cases in Taylor v. Morris, shows conclusively that the Kentucky court erred in its rulings, and that it was not sustained by the authorities. The same question was presented to the Court of Appeals in Virginia upon a statute of that State, from which the Kentucky statute was literally copied, and a directly opposite decision was the result.

The case alluded to was that of Brown v. Armistead, 6 Rand. 593. The power of sale in the testator's will was in these words: "My will and desire is that my executors hereinafter appointed sell at public sale all my land, provided the said land will sell for as much, in their judgment, as will be equal to its value; and the money arising from such sale to be placed in the hands of my friend Stark Armistead, one of my executors here-

Dilworth v. Rice.

inafter appointed, whom I vest with power to apply the said money to any use or uses he, in his discretion, may deem best for the benefit of my wife and all my children." The testator appointed three executors, all of whom refused to act. Administration was then granted upon the estate, when the sale was made and the conveyance executed by an administrator with the will annexed. Judge Carr, in delivering the opinion of the court, said: " We will inquire, in the first place, could the administrator execute the power of sale given by the will to the executors ? In 1 R. C., p. 388, § 52, it is said the sale and conveyance of lands devised to be sold shall be made by the executors, or such of them as shall undertake the execution of the will, if no other person be thereby appointed for that purpose, or if the person so appointed shall refuse to perform the trust, or die before he shall complete it. Thus stood the law as passed in 1785 (12 Stat. at Large, 150); in 1794 was added the rest of the clause, as it now stands in the revisal of 1819, viz: ' But if none of the executors named in such will shall qualify, or,' after they have qualified, shall die before the sale and conveyance of such lands, then in those cases the sale and conveyance thereof shall be made by such person or persons to whom administration of the testator's estate, with the will annexed, shall be granted.' This law, as passed in 1785, was taken from 21st Henry VIII, ch. 4. It was admitted in the argument that if the testator had directed a positive and unconditional sale of the land by his executors, the case would have come directly within the law; but they are directed to sell, provided the land will sell for as much, in their judgment, as will be equal to its value; and this, it is insisted, renders it a special confidence reposed in the individuals appointed executors, which is personal to them, and can only be exercised by them, and not even by a part of them, but by the whole of them only. This point was argued with great strength, but the researches of the counsel had enabled him to produce no cases in support of it, nor have I found any." The power was accordingly adjudged to be well executed. That case is in point, and even stronger than the one we are now considering. The testator in the present case, it will be observed, directs in his will

absolutely that his land shall be sold. There is a discretion as to laying out roads, and as to time and terms of sale; but taking the whole will together, and the object sought to be attained, it is not believed that the confidence or trust was reposed specially in the executor named in the will.

The statute law of the State authorizing the sale of land by an administrator with the will annexed, where the executor has failed or neglected to act, has existed ever since we have been a State. Every testator, in making his will, must be presumed to be cognizant of it, and I am satisfied both on principle and on authority that the statute should be held to extend to all powers of sale conferred on executors where they are peremptory in their character, although they may be accompanied with and involve the exercise of a discretion. Wills may thus be carried into effect according to their true intention, when otherwise they would be defeated by circumstances unforeseen by the testator, or at least their execution would become difficult, dilatory and expensive.

I think the judgment should be affirmed. The other judges concur.