EVANS, *Appellant*, v. BLACKISTON.

66　437
42a 340
66　437
f161 556

**Execution of Testamentary Powers**: STATUTE CONSTRUED. A power to sell land and invest the proceeds of sale, conferred by a will may, under the statute, (Wag. Stat., p. 93, ? 1,) be· executed by an administrator with the will annexed, the donee of the power having refused to execute it. (HOUGH, J., dissenting).

*Appeal from Buchanan Circuit Court—*HON. JOS. P. GRUBB, Judge.

*Allen H. Vories* and *James P. Thomas* for appellant.

1. The will did not confer upon Colhoun a mere power of sale, but vested in him a title in trust, personal and discretionary, and which could not be exercised by the administrator, such as purchasing lots and erecting houses on them. *Conklin v. Egerton,* 21 Wend. 430; *Northrop v. Wright,* 24 Wend. 223; *Judson v. Gibbons,* 5 Wend. 224; *Denne v. Judge,* 11 East 288; 2 Williams on Executors 815; 2 Jarman on Wills 144; *State v. Boon,* 44 Mo. 260.

2. The land being vested in Colhoun, as trustee, could not have been sold by him as executor; and although the offices of trustee and executor, were vested in the same person, they remained as distinct and separate as if vested in different individuals, and their duties, under the will, as clearly defined. *Denne v. Judge,* 11 East 288; *Conklin v. Egerton,* 21 Wend. 430; 24 Wend. 223.

3. In all the cases relied upon by the respondent, and cases decided by this court, there was only a power to sell uncoupled with an interest. *Dilworth v. Rice,* 48 Mo. 124

*Woodson & Hill* for respondent.

NORTON, J.—This action is ejectment for the recovery of one acre and a half of land in the city of St. Joseph, Buchanan county. The petition is in usual form. The

answer, in addition to a general denial, sets up the acquire-
ment of title to the land in dispute, through an adminis-
trator's deed and the making of valuable improvements
thereon.    The cause was tried by the court without the
intervention of a jury, and judgment rendered for the de-
fendant, from which the plaintiff has appealed to this
court.    Both plaintiff and defendant claim title through
one Jane K. Frame, who died in 1859, leaving a will con-
taining the following clause out of which this controversy
springs, viz:    " I will, devise and bequeath unto my friend
Edmund R. Colhoun, as trustee, all my real estate, lands
and tenements, situate in Buchanan county, Missouri, be-
ing about one acre and one-half in the city of St. Joseph,
lying west of the Willow Grove property, for the follow-
ing uses and purposes : said real estate to be divided off
into lots, and by him sold at his discretion, and the pro-
ceeds thereof I direct, devise and bequeath, shall be in-
vested in purchasing some convenient lot in said city. and
erecting thereon a dwelling house, said title to said land
and dwelling house to be by him taken in the name of my
sister, Eliza Beckam, for and during her natural life, with
remainder to her three children, Mary Jane, Townsend T.
and John H. C. Beckam, to be equally divided between
them at her death."    The sixth clause of the will appoints
Edmund R. Colhoun executor to carry out the provisions
of the will.  It is conceded that Colhoun qualified as execu-
tor, the will having been duly probated, and that he there-
after left the State without executing the trust and aban-
doned or declined to execute the same.  It appears that on
a presentation of these facts by petition in the circuit court
of Buchanan county, an order was made by said court ap-
pointing plaintiff as trustee for the said Eliza and her three
children, for the purpose of executing the trust.   This
order was made on the 11th of June, 1873.   It was admit-
ted on the trial that, prior to the appointment of plaintiff,
as trusteee, to-wit : at the July term, 1869, of the probate
court of Buchanan couuty, one W. S. Everett, had been

appointed administrator, with the will annexed, of the said estate of Jane K. Frame, deceased, and had duly qualified as such, and had sold and conveyed, by deed, the real estate mentioned in the petition and will to the defendant.

The judgment of the court below was for the defendant, and the only question arising or necessary to be determined upon the state of facts presented in the record, is as to the validity of the sale and conveyance of the land of the testatrix, to defendant by Everett administrator with the will annexed. If valid, the judgment of the trial court was for the right party; if invalid and unauthorized, the judgment should have been for plaintiff. This question finds its solution in Sec. 1, Wag. Stat., 93, which is as follows: " The sale and conveyance of real estate under a will, shall be made by the acting executor or administrator with the will annexed, if no other person be appointed by the will for that purpose, or if such person fail or refuse to perform the trust." It is a favorite maxim in equity that a court of chancery will not permit a trust to fail for want of a trustee, and this principle not only finds recognition in the above expression of legislative will, but designates in the class of cases therein mentioned what class of persons shall execute the trust. It was doubtless the design of the Legislature by this general provision, to get rid of the slower and more expensive proceedings which a resort to a court of chancery in such cases would involve. The language of the statute is broad and comprehensive, and we can perceive no reason for restricting its operation to narrower limits than the natural and usual import of the words employed. It is evident that Colhoun had failed and refused to perform the trust, for he had abandoned it and left the State. This fact is not disputed by plaintiff. If effect is to be given to the statute upon such failure or refusal, the right of the administrator with the will annexed to proceed to its execution at once arose. Notwithstanding the fact that the devise was made to Colhoun in

trust, &c., if he had sold and executed it, the sale made by him would have been under the will and by virtue of the power it conferred. If the sale then could only have been made under the will, and Colhoun, who was appointed to make it, refused or failed to do so, it follows necessarily from the very terms of the law that the acting executor or administrator, with the will annexed, should make it, for so it expressly declares. The act transposed, so far as it applies to the question in hand would read thus: If any person be appointed by a will for the purpose of selling real estate, and fail or refuse to perform the trust, the acting executor or administrator, with the will annexed, shall perform or execute it. It was doubtless intended by the Legislature, through this enactment to get rid of the obstructions, and subtle distinctions prevailing as to the persons who should be charged with the execution of a power conferred in a will, when the appointee or appointees of the power declined or failed to execute it. It seems to be conceded in the argument of counsel that if Colhoun had simply been appointed in the will to sell the land for the purposes therein named, and had refused to act, the administrator, with the will annexed, could have made the sale, but it is argued that, inasmuch as the land was devised to him in trust, to be by him sold at his discretion, thereby the trust became personal, and the legal estate so vested in him as to require the interposition of a court of chancery to effect the sale in the event of his refusal to act. Notwithstanding this formal investiture of title in Colhoun, he is nevertheless the donee of a power, and charged with the duty of selling the land for the use of certain beneficiaries named in the will, and would have conveyed this estate by virtue of the power thus conferred, had he sold the land. We are not able to perceive any reason why, in the event of his refusal to act, the administrator with the will annexed cannot execute the power under direct legislative warrant, as well as a trustee under an appointment of the chancellor could do. The bondsmen of such administra-

tor would be liable for the faithful performance of any duty imposed upon him by law, as much so as the bondsmen of a trustee appointed by the chancellor, if the chancellor required a bond, which he might, or might not do.

In the case of *Dilworth v. Rice*, 48 Mo. 124, a similar question to the one under consideration, was presented. In disposing of it, Judge Wagner approvingly quotes the case of *Brown v. Armstead*, 6 Rand. 593, which arose under a statute similar to our own. The will in that case provided "that the executors thereinafter appointed should sell at public auction all my land, provided said land shall sell for as much in their judgment as will be equal to its value; and the money arising from such sale, to be placed in the hands of my friend Stark Armstead, one of my executors hereinafter appointed, whom I vest with power to apply the said money to any use or uses he, in his discretion, may deem best, for the benefit of my wife and all my children." All three of the executors refused to act. An admistrator with the will annexed was appointed, who made the sale and executed a conveyance to the land sold. It was held in that case that the power was well executed. It will be observed that in the case of *Brown v. Armstead, supra*, the three executors were invested not only with a discretion to sell, but the proceeds were to be placed in the hands of one of them, who was to apply it to any use or uses which he, in his discretion, might deem best for the benefit of the testator's wife and children. In the case before us, Colhoun, although invested with a discretion in selling, had no discretion as to the use to which the money was to be applied. He was directed to apply the proceeds in a particular and specific manner to the purchase of a lot in St. Joseph, and the erection of a house on it. Effect has been given to this statute in the case of *Dilworth v. Rice, supra*, and also in the case of *Coil v. Pittman*, 46 Mo. 51.

It is argued that in both the above cases the question raised was under wills giving the power to executors to sell. While this is true, it by no means follows, because

another person than the executor is made the donee of the power, that the executor or administrator, with the will annexed, cannot, in the event of such person failing to act, execute it. On the contrary, the statute expressly provides for just such a case, and confers in unambiguous terms on the acting executor or administrator the right to act.

We think the judgment of the court was for the right party, and it will, therefore, be affirmed, with the concurrence of the other judges, except Judge HOUGH, who dissents.

AFFIRMED.