BANKS ET AL V. BANKS ET AL, PLAINTIFFS IN ERROR.

1. **Revocation of Will.** A testator, intending to revoke a will, caused it to be burned. He had already prepared and signed a second will making materially different dispositions of the property. At the time of the burning the second will was not attested, and the testator understood that until attested, it would not be complete. It was subsequently attested, and after the death of the testator was offered for probate, but was rejected by the probate court. In an action to establish the first will, *Held* that the burning operated a complete revocation, and this result was not changed by the fact that the second will never took effect.

2. **Res Judicata:** PROBATE COURT. The probate court, when it is not otherwise provided by law, has exclusive original jurisdiction in all cases relative to the probate of last wills and testaments and its judgment, rejecting or probating a will, cannot be attacked, collaterally.

*Error to Marion Circuit Court.*—HON. JOHN T. REDD, Judge.

*Thos. L. & W. R. Anderson and J. L. Hart* for plaintiffs in error.

A will deliberately canceled, without accident or mistake, is revoked, though the testator intend to make a new one, but omits to do so. Williams on Executors, Vol. 1, p. 155; *Brown v. Thorndike*, 15 Pick. 388; *Laughton v. At-*

*kins*, 1 Pick. 535; Jarman on Wills, Vol. 1, p. 161; *O'Neall v. Farr*, 1 Richards. 80.

HENRY, J.—This was a proceeding in the circuit court to establish a last will and testament alleged to have been lost or destroyed. The evidence for plaintiffs established the execution of a will by the testator on the 25th of April, 1865, a copy of which was proved. The evidence on the part of defendants proved, that in the fall of 1866, the testator made and executed another will, making a materially different disposition of his property, and had the will of 1865 burned. This burning, however, was done after the will of 1866 was prepared and signed, but before its attestation. It was proved by plaintiffs that in May, 1870, the defendants herein appeared before the probate court of Marion county, and resisted an effort to probate the will of 1866, on the ground that the testator had not a disposing mind and memory when it was executed, and that the probate court rejected it, but whether because of the incapacity of the testator, or on other grounds, does not appear. The condition of the testator's mind, when the will of 1865 was burned, was not shown, and we shall, of course, assume that he was then in his right mind. The court in its second instruction, declared the law as follows: "Although Henry P. Banks, at the request of Garrard Banks, destroyed the paper writing executed April 1865, and although said Garrard requested said Henry to destroy said paper writing, with the intent to revoke the same, yet, if at the time, he so directed the destruction of said paper writing, he intended to revoke the same in order to substitute the other paper writing then in his hand, of October 20, 1866, in its place, as his will, then in that case the destruction of the paper writing of date April 25, 1865, did not revoke it as a will, unless the said other paper writing was valid and operative as a will."

Did the fact that Garrard Banks, the testator, in 1866, signed a last will and testament, but did not consider it a

1. REVOCATION OF A WILL.     complete will, and which had not then been attested so as to make it effectual as a last will, prevent the burning of the will of 1865 from operating as a revocation of that will? "In *Onions v. Tyrer*, 2 Vern. 741, a man made a second will, to the use of the same person to whom he had devised the land by the first will, with a variation only in the name of one of the trustees, but which second will was not good, because not duly attested according to the statute of frauds. After so executing the second, he canceled the first will by tearing off the seal. One question was, whether the canceling of the former will was a revocation thereof, within the statute of frauds and perjuries, and it was held that it was not, because that was no self-subsisting, independent act, but done to accompany, or in way of affirmation of the second will. It was done from an opinion that the second will had actually revoked the first, which induced the testator to tear that as of no use; therefore, if the first was not effectually revoked by the second, neither ought the act of tearing the first to revoke it; for though a man might by the statute of frauds as effectually destroy his will by tearing or canceling it, as by making a will, yet when he intended to revoke the first will by the second, and it was insufficient for that purpose, as in the principal case, and the tearing and canceling the first, was only in consequence of his opinion that he thereby made good the second will, the canceling and tearing should not destroy the first, but it ought to be considered as still subsisting and unrevoked. And the principle of this decision was recognized by Lord Mansfield in the case of *Burtenshaw v. Gilbert;* by Lord Ellenborough in *Perot v. Perot,* and by Sir John Nicholl in *Lord John Thynne v. Stanhope.*" 1 Williams on Exrs., p. 121. In *Hyde v. Hyde,* 1 Eq. Cases Abr. 409, the testator had given instructions for some immaterial alterations in a properly executed will, and read over a draught of a new will, made according to such instructions, and having signed such draught, tore the seals from his old will under

the impression that his new will was completely executed so as to pass lands, and this was held to have been done *sine animo cancelandi*, and therefore to be no revocation of the original will. 1 Williams on Exrs. 122. We have cited the strongest cases to be found in the books in support of the ruling of the court below in this case, which we, however, think clearly distinguishable from them in this, that here the testator did not believe that the last will was completely executed, but intended subsequently to complete it by having it properly attested. It was not his opinion that by burning the first he thereby made good the second will. It was not his impression, as it was of the testator in *Hyde v. Hyde*, that his second will was completely executed. The burning or cancellation of a will operates as a complete revocation, although the testator then had an intention of executing another will, which he was prevented from making by death or intervening insanity or other cause. " But if the testator destroys his will, upon the mere general purpose of thereafter making another, it will not defeat the revocation being effectual because he dies without carrying such purpose of making a new will into effect. It is only where the testator revokes a former will, upon the supposition that he has executed a subsequent valid will, which proves invalid, that the act of revocation is held incomplete." 1 Redfield on the Law of Wills 308. In the English cases which we have cited, the alterations in the original wills were in immaterial particulars, and did not indicate any dissatisfaction of the testator with the disposition of the property made by the original wills. Here the disposition which he proposed to make of his property by will of 1866, was substantially and materially different from that made by the will of 1865, clearly indicating that he was not satisfied with the original will. Here the testator had no impression or opinion that the last will was complete, but had a purpose subsequently to perfect it, and did so. He burned the will expressly to revoke it. We cannot say that he would not have done

so, if he had known that the second will would never be completed or probated. The English authorities go far enough to prevent the revocation by canceling or burning, where another will had then been executed, which the party supposed valid as a will, but which was not, and if disposed to follow them as far as they have gone, we have no inclination to go beyond them in that direction.

Defendant attempted to set up the will of 1866 as of itself a revocation of the will of 1865. The court properly 2. RES JUDICATA: held that the judgment of the probate court probate court rejecting that will, was conclusive upon the defendants. The probate court, when not otherwise provided by law, has exclusive original jurisdiction in all cases relative to the probate of last wills and testaments, and its judgment rejecting or probating a will cannot be attacked collaterally. Section 29, Wag. Stat. p. 1368, provides that, " if any person interested in the probate of a will, shall appear within five years after the probate or rejection thereof, and by petition to the circuit court of the county contest the validity of the will, or pray to have a will proved, which has been rejected, an issue shall be made up, whether the writing produced be the will of the testator or not, which shall be tried, &c." Here defendants sought to prove the will of 1866, notwithstanding the judgment of the probate court rejecting it; and insist that the judgment of that court was not conclusive, because by Sec. 29 *supra* they had five years within which to proceed, by petition to the circuit court, to have the will proved. They have not filed a petition, as that section requires. They have not even in the answer, in this case asked to have it proved; and yet attempt by evidence in this proceeding, to set it up as a revocation of the will of 1865. The rulings of the court on that subject were correct; but because the court erred in its second declaration of law, the judgment is reversed and the cause remanded. All concur.

REVERSED.