HUGHES *et al.*, *Appellants*, v. BURRISS *et al.*

1. **Will, Probate of in Common Form**: SETTING ASIDE WILL IN CIRCUIT COURT ON CONTEST IN SOLEMN FORM : INTERMEDIATE CONVEYANCE. A testatrix died seized of real estate, which, by her will, she devised to her husband. The will was duly admitted to probate in the probate court, but afterwards, in a proceeding by the heirs of the testatrix instituted under the statute (R. S., sec. 3980) within five years after the probate in the probate court, the will by the judgment of the circuit court was declared not to be the will of the deceased ; *held*, that a conveyance of the land by the husband, after the probate in the probate court and before the institution of the suit by the heirs to contest the validity of the will, passed no title.

2. **Life Tenant** : WASTE. A life tenant or his lessee will be enjoined from committing waste at the suit of the owner of the fee.

*Appeal from Pettis Circuit Court.*—HON. J. P. STROTHER, Judge.

REVERSED.

*B. G. Boone* and *E. J. Smith* for appellants.

The proceeding from the presentation of the will in the probate court, till final judgment declaring it was not her will in the circuit court, was one proceeding. Morse and Burriss bought *pendente lite*. They bought subject to the result of the suit and as it resulted in establishing there was no will, they holding under the will took nothing. *Dickey v. Malechi*, 6 Mo. 177 ; *Benoist v. Murrin*, 48 Mo. 48 ; *Tapley's Adm'r v. McPike*, 50 Mo. 589.

*Philips & Jackson* for respondents.

(1) Courts of probate and none other have jurisdiction in the first instance, to admit to probate and pass

on the existence and validity of the last will and testament of one deceased. As such, their judgments cannot be collaterally assailed. They are, until set aside, in a direct proceeding, therefore, as binding and conclusive as the judgment of the highest courts in the land over any subject matter within their jurisdiction. *Banks v. Banks*, 65 Mo. 432 ; *Dilworth v. Rice*, 48 Mo. 124 : *Patten v. Tallman*, 27 Me. 27 ; *Grignon's Lessee v. Astor*, 2 How. 319 ; *Davis v. Gaines*, 14 Otto, 386 ; *Wyman v. Campbell*, 6 Port. (Ala.) 220 ; *Ballou v. Hudson*, 13 Gratt. 682 ; *State v. McGlynn*, 20 Cal. 233. (2) It is well established law that while the title of a plaintiff, or party to a judgment, will be forfeited by a subsequent reversal or annullment of the same, yet the title of a stranger who purchases in good faith from the beneficiary under the judgment will not be affected thereby. *Vogler v. Montgomery*, 54 Mo. 577 ; *Gott v. Powell*, 41 Mo. 420 ; *Voorhees v. Bank*, 10 Pet. 475 ; *Gray v. Brignarallo*, 1 Wall. 634. So, while it is true, if the title had remained in Roley, the devisee, until the will was declared void by the decree of the circuit court, the property would have been restored to the contestants, yet having been conveyed by the devisee during the existence and force of the judgment of probate to an innocent purchaser for value, the title is gone from the heirs. (3) It is said by appellant that the judgment of probate is *ex parte*, without notice, in fact, to the heir, and that no judgment is binding without notice to the party affected thereby. Ordinarily this is true. But they are judgments *in personam*. The proceedings in the appointment of administrators and the probate of wills are essentially proceedings *in rem*. They are against and bind the property itself, the *res*. The heir is presumed to know of the death of the ancestor. He is not a necessary party to the proceedings, for the court, *pro bono publico*, takes jurisdiction of the matter to preserve the estate. It acts on the thing itself, and its judgment, for the time

being, binds the property. This is the recognized law. *Garvin's Adm'r v. Williams*, 50 Mo. 212; *Wyman v. Campbell*, 6 Port. (Ala.) 232; *Dilworth v. Rice*, 48 Mo. 124; *Grignon's Lessee v. Astor*, 2 How. 319. (4) The question in this case was directly passed on and favorably to respondent in *Steele v. Renn*, 50 Tex. 467. To the same effect are the cases of *State v. McGlynn*, 20 Cal. 268, and *Davis v. Gaines*, 14 Otto, 396.

NORTON, J:—On the twentieth of September, 1872, one Emily Roley died seized in fee of certain real estate in Henry county, Missouri. She made a will devising this land in fee to her husband, John I. Roley. At the November term, 1872, of the probate court of Henry county, this will was duly presented and admitted by said court to probate. There was born alive of said marriage between said Emily and John Roley a child, which gave him, aside from the devise, a life estate by the curtesy in said land. In October, 1875, said John Roley, by deed of warranty, sold said land to one C. C. Morse for value received. On the first day of February, 1876, said Morse leased said land to the defendant, James M. Burriss, and another, as coal land for mining purposes, for a term of three and one-third years thereafter. The interest of said second party in said lease passed by trade to one of the other defendants, the brother of said James Burriss. The Burrisses, after much prospecting, discovered valuable coal deposits, and at once began mining operations thereon. In the fall of 1876, the plaintiffs, as heirs at law of said Emily Roley, instituted suit in the probate court of said county to set said will aside. The cause by consent was transferred to the circuit court of said county, as the probate court had no jurisdiction to try such issue, where on a contest between them and said John Roley, the will was declared not to be the last will and testament of said Emily Roley.

On the ninth of November, 1878, the plaintiffs brought this action against the defendants who were mining on said land under said lease, to enjoin them as trespassers committing waste on the freehold. The cause was transferred by change of venue to the Pettis circuit court, where it was heard. The court dissolved the injunction and dismissed the bill. A jury was empaneled and assessed the defendants' damages consequent upon the injunction. From these judgments the plaintiffs prosecute this appeal.

The question decisive of this case under the facts above stated is, was the deed of John Roley, executed in 1875 after the will of Emily Roley was admitted to probate by the probate court, effectual to pass the fee in the land mentioned to Morse, the grantee, as against the heirs of said Emily, notwithstanding said will was declared not to be the will of said Emily by the judgment of the circuit court, in a proceeding in said court instituted by the heirs contesting the validity of the will within five years after the order of the probate court admitting the will to probate was made? An affirmative answer to this question affirms the judgment and a negative answer reverses it. This question is, we think, solved by our statute relating to wills and their probate, and the construction put upon it by adjudications of this court hereinafter referred to. It is provided by section 3972, Revised Statutes, that the probate court or clerk thereof in vacation, subject to the confirmation or rejection by the court, shall take proof of last wills. "When any will is exhibited to be proven, the court or clerk may immediately receive the proof and grant a certificate of probate, or, if such will be rejected, grant a certificate of rejection."

It will be perceived that under these sections any person may present, either to the probate court, or its clerk in vacation, a will for probate, without being re-

quired to give any notice whatever to any party inter-
ested in the probate or rejection thereof. No right
is given by the statute to any such party to appear and
contest the proceedings, either before the court or clerk,
but the whole proceeding is *ex parte* and without notice,
and no appeal is given from the action of the court in
admitting or rejecting the will. We think it is clear
from sections 3980, 3981, and 3982, of Revised Statutes,
that it was not the design of the legislature to make
the action of the probate court in such a proceed-
ing final and binding on the parties interested. The
said sections are as follows: "Section 3980. If
any person interested in the probate of any will,
shall appear within five years after the probate or
rejection thereof, and by petition to the circuit court
of the county, contest the validity of the will or pray to
have a will probated which has been rejected, an issue
shall be made up whether the writing produced be the will
of the testator or not, which shall be tried by a jury, or, if
neither party require a jury by the court." Section
3981 : "The verdict of the jury, or finding of the court
shall be final, saving to the court the right of granting
a new trial as in other cases and to either party an ap-
peal in matters of law to the Supreme Court, or St. Louis
court of appeals." Section 3982 provides that : "If no
person shall appear within the time aforesaid, the pro-
bate or rejection of such will shall be binding, saving to
infants, married women, or persons of unsound mind a
like period after their disabilities are removed." We un-
derstand these statutory provisions to mean that an *ex
parte* order, such as the probate court is authorized to make
in admitting a will to probate, shall not be conclusively
binding on the parties interested till after the expiration
of five years from the time such order is made, nor con-
clusively binding on parties interested if they are in-
fants, married women, or persons of unsound mind, till
after the expiration of a like period after their respective

disabilities are removed. As to such parties the legislature in the sections above quoted has characterized the force and effect to be given to the order of a probate court probating a will, and we are not authorized to give such order any greater force or effect.

In the case of *Dickey v. Malechi*, 6 Mo. 177, decided in 1829, this court, speaking through Judge Napton, observed in reference to a petition filed to establish a will which had been rejected by the county court: "I do not see that the circuit court, in entertaining the petition of Malechi, did exercise any original jurisdiction. * * * The legislature may undoubtedly provide other modes besides the ordinary form of appeal by which the controlling power of the circuit 'court may be exercised, and in the tenth section respecting wills and testaments they have made such a provision." The tenth section referred to in the opinion corresponds with section 3980, *supra*. So in the case of *Benoist et al. v. Murrin et al.*, 48 Mo. 48, in speaking of the effect of a petition to contest a will it is said: "The effect of the contestants' petition and the proceedings under it was to transfer the subject matter from the probate to the circuit court for adjudication in the latter court. There was no appeal in form, but the result of the process was the transference of the contest from an inferior to a superior court, and that may be done without a formal appeal, as was decided by this court in *Dickey v. Malechi*, 6 Mo. 182, and where it was held that the jurisdiction of the circuit court, in cases like 'the present, was not original. The jurisdiction not being original, it must be derivative in effect, as on appeal." So in the case of *Lamb v. Helm*, 56 Mo. 432, it is said: "When a contest is commenced under our statute, * * * either to establish a will which has been rejected * * * or allowed and probated in the probate court, the effect is the same as if an appeal had been taken from the action of the probate court to the circuit court

where the question could be tried anew, just as if no action had been taken in the probate court. The party who relies on or asserts the validity of the will must prove it up in the same manner and to the same extent as if no action had been taken by the probate court; in fact, the action of the probate court becomes wholly void by such contest so far as the efficacy of the will is concerned. The effect of the contestants' petition and proceedings under it was to transfer the whole matter to the court where the proceedings are pending."

So in the case of *Tapley et al. v. McPike*, 50 Mo. 589, it is said: "While the will remained in force, the proceedings of the county court were regular, but they were not final. The law allows five years to contest the validity of a will in the circuit court. The contesting of the will in the circuit court operates in the nature of an appeal from the probate in the county court. Till the time has elapsed and gone by for proceedings in the circuit court, the will is not conclusively and finally established. Till then the right of the heirs is not concluded. * * * I am, therefore, inclined to the opinion that the statute will not begin to run against them till their right to appear and proceed in the circuit court has been lost, or the judgment probating the will has become absolute." In the case of *McIlwrath v. Hollander*, 73 Mo. 105, at page 113, it is expressly held that the devisee under a will proven in common form, acquired no right to convey the property devised, and that the effect of a suit instituted in the circuit court to contest the validity of such will was to annul the action of the probate court and that the devisee had no more authority to convey than if the will had never been presented to the probate court.

It is clear that if the statute had provided for an appeal from the order of the probate court admitting the will in question to probate, and the heirs of Mrs. Roley

had appealed therefrom, and that Roley, the devisee under the will, had, during the pendency of the proceeding, sold and conveyed. the land devised, that his vendee would be a *lis pendens* purchaser, and in the event of the writing purporting to be the will of Mrs. Roley being declared not to be her will, such purchaser would take nothing by virtue of *his purchase*, except what Roley owned independent of and outside the will. And if, as has been held in the cases above cited, the effect of the institution of proceedings by plaintiffs to vacate the will, was the same as if on appeal, we cannot perceive why the same result should not follow. We have been cited to quite a number of authorities establishing the doctrine that a purchaser at a judicial sale, which is supported by the judgment of a court of competent jurisdiction in force at the time of the sale, will be protected in his purchase, even though the judgment should afterwards be reversed on appeal or writ of error. While the principle asserted in these cases is established law, it cannot be invoked in the case at bar for the reason that the sale made by Roley to Morse was not a judicial sale.and does not rest for support on any judgment or decree of a court authorizing or directing him to sell. The sale in this case was under the will and made mere *mortu* of the devisee. In the case of *Gaines v. New Orleans*, 6 Wall. 642, the above distinction is clearly recognized, and also in the case of *Davis v. Gaines*, 104 U. S. 386. While the order of the probate court in admitting a will to probate is a judicial act, not open to collateral attack, as is held in 31 Mo. 40 ; 43 Mo. 13 ; 48 Mo. 130, and 65 Mo. 433, such order does not become absolute as to those who have a right to contest the will till after the lapse of the time in which they have under the statute a right to contest it. *Tapley et al. v. McPike*, *supra*.

We have also been cited to the cases of *State v. Mc-Glynn*, 20 Cal. 268, and *Steele v. Renn*, 50 Tex. 467, to

establish the proposition that the purchaser from a devisee, under a will admitted to probate and before the order probating it is set aside and the will declared void, will be protected in his purchase. The Texas case decides this, but it is to be observed that the Texas statute is unlike ours in this, that it provides for notice to the parties interested in the first instance and they have their day in court, and besides this, it contains no such provision as section 3982, of our Revised Statutes. The case referred to is not, therefore, even pursuasive authority in controlling our decision, based upon our own statute, especially so in view of the construction put upon it by this court in the cases hereinbefore referred to.

We are of the opinion that a negative answer must be returned to the question propounded in the beginning of this opinion, which results in the reversal of the judgment and the further holding that a life tenant, or his lessee, will be enjoined and restrained, on the petition of the owners of the fee from committing waste. We have not considered the question of estoppel raised in the pleadings for the reason that the bill of exceptions shows that it was admitted "that the plaintiffs are entitled to have the injunction made perpetual, unless defendants can show a title in fee to said lands as the grantees of John S. Roley, who was the husband of said Emily F. Roley, and entitled only to a life estate as tenant by the curtesy, unless he was entitled to more under the will of said Emily, and then his rights under said will are such as the court may find them to be under the evidence."

Judgment reversed, and cause remanded to be proceeded with in conformity with this opinion. All concur.