STOWE, *Appellant,* v. STOWE *et al.*

### Division Two, July 6, 1897.

1. **Probating Will:** STATUTE OF LIMITATIONS: FRAUDS. The probate of a will by a probate court in Missouri is a judicial act. Like the judgment of any other court of competent jurisdiction, it is not open to collateral attack, and is binding upon all the world unless set aside within the time prescribed by law. Therefore, where a will which had been procured by fraud and to which the testator's mark was affixed at a time when he was unconscious and incapable of understanding its nature, purport and meaning, was duly admitted to probate, it could not be set aside unless direct proceedings for that purpose were begun within the time prescribed by statute.

2. **Wills:** OF STATUTORY CREATION. Wills are the creatures of statutes, and the jurisdiction of the probate court for admitting them to probate is exclusive save as to review, and courts of equity have no jurisdiction to set them aside.

3. ———: EQUITY JURISDICTION: REVIEW OF CASES. The opinion reviews the cases and the conclusion is reached that from *Lyne v. Marcus,* 1 Mo. 410, down to the present time "there has been one uniform course of decision in this State to the effect that courts of equity under our statutes have no jurisdiction to set aside wills for fraud, but that jurisdiction is vested exclusively in courts of law."

4. **Practice:** ENLARGING POWERS OF EQUITY COURTS. An equity court will not be permitted to accomplish indirectly what the law will not permit to be done directly.

5. **Wills:** OBTAINED BY FRAUD: DEVISEES AS TRUSTEES. Where a will has been obtained by fraud, and the time has passed in which its probate can be tested, the courts will not nullify its effects by declaring the devisees hold the property as trustees for the heirs of the testator. The rights of the heirs depend on the final establishment of the will, and if it is not set aside in the statutory way it determines the title to the estate.

6. **Wills:** CONTEST BY NONRESIDENT MINORS. A minor under the statute has five years after he reaches his majority in which to contest his father's will, but this time can not be lengthened by the fact that he has since his birth been a non-resident of the State, nor by the fact that he did not discover the fraud until about the time the suit was begun.

*Appeal from Jackson Circuit Court.*

AFFIRMED.

*Charles H. Nearing* for appellant.

(1) This is not a suit to set aside the probate of
the will of Asa H. Stowe, deceased, but to recover from
defendants the property obtained by their unlawful act.
(2) The probate of the will after .five years becomes
conclusive and can not be attacked upon any ground,
but the wrongful act by which these defendants obtain-
ed the will and its probate is not barred, and they are
not shielded from attack by the statute that controls
the probate of the will.    Kerr on Fraud and Mistake, p.
354; *Alden v. Gregory*, 2 Eden's Rep. 280; *Allfrey v.
Allfrey*, 1 M. & G. Ch. R. 87; *Pickery v. Stamford*, 2
Ves. Jr. 272; *Sherwood v. Sutton*, 5 Mo. 154. (3) When·
a party obtains property by fraud a court of equity will
decree him trustee for the rightful owner of the same.
*Gaines v. Chew*, 2 How. (U. S.) 649; *Mictrand v. Gi-
rod*, 4 How. (U. S.) 503; *Carp v. Canal Co.*, 35 Ohio
St. 317. (4) This suit is not against the property but
the person. (5) In case of fraud the statute does not
begin to run until the fraud is discovered.    *Lackland v.
Smith*, 5 Mo. App. 153; *Hunter v. Hunter*, 50 Mo. 445;
*Buren v. Buren*, 79 Mo. 542.

*Ess & Georgen* for respondents.

(1) Wills exist by statute law only.    They are con-
trolled by the statutes.    The question of will or no will
must be determined in the statute will contest.    No suit
in equity can be maintained to set aside any will for
fraud or otherwise.    *Garland v. Smith*, 127 Mo. 583;
*Swain v. Gilbert et al.*, 3 Mo. 347; *Lyne v. Marcus*, 1

Mo. 410. (2) The judgment of the probate court is valid until reversed, annulled or set aside as provided by law in a statute will contest. *Dilworth v. Rice*, 48 Mo. 124; *Banks v. Banks*, 65 Mo. 432; *Milton Duty's Will*, 27 Mo 43. (3) In such a case a court of equity will not interfere, for it has no jurisdiction to do so. *Case of Broderick's Will*, 21 Wallace, 503; *Simmons v. Saul*, 138 U. S. 439. (4) The statute of limitations of this State embraces all civil actions. *Rogers v. Brown*, 61 Mo. 187; *Rogers v. Brown*, 61 Mo. 187; *Hughes v. Littrell*, 75 Mo. 573; *Funkhouser v. Lay*, 78 Mo. 458.

GANTT, P. J.—This was a judgment for defendants upon demurrer to the petition by the circuit court of Jackson county. Plaintiff declined to plead further and appealed. The petition is as follows:

"Now comes the above named plaintiff and for second amended petition states that he is the only son of Asa H. Stowe, deceased, and was born May 13th, 1859. That plaintiff was at all times hereinafter set out, and still is, a resident of the State of Vermont. That shortly after his birth his mother died, and after the death of his mother and some time about the year 1868, his father married the defendant Fannie R. Stowe, and from such marriage defendant Amarylis Stowe-Cook was born. That plaintiff's father died on or about the 11th day of October, 1876, and left surviving his only heirs this plaintiff, the defendant Amarylis Stowe-Cook, and his widow, the defendant Fannie B. Stowe. That at the time of the death of said Asa Stowe he was the owner of the following described property situated in Jackson county, Mo., to wit: All of lots 6, 7, 8, block 4, McDaniel's addition to Kansas City, Mo.; also an undivided one half of lots 1, 2, 3 and 6, Chatanoff & Stowe's subdivision of lots 1 and 3,

block 3, Ranson & Hopkin's addition to Kansas City, Mo. That at the time of the death of said Asa H. Stowe the title to lots six, seven and eight, block four, McDaniel's addition to Kansas City, Mo., was in one L. S. Stowe, the brother of said Asa H. Stowe, but that said L. S. Stowe had no interest of any nature whatsoever nor claimed any interest in said property, but the same belonged to said Asa H. Stowe and the said L. S. Stowe at or about the time of the death of said Asa H. Stowe, or within a few days thereafter, gave a quitclaim deed of said property to defendant Fannie R. Stowe and Amarylis Stowe-Cook. That at the time of the death of said Asa H. Stowe the title to lot one, two, three, four, five, six, Chatanoff and Stowe's subdivision of lots one and three, block three, Ranson and Hopkin's addition, was in defendant Fannie R. Stowe, but that said Fannie R. Stowe was not the owner of the same, nor had any interest therein, but in truth and in fact said property belonged to said Asa H. Stowe.

"Plaintiff further states that the said defendant, Fannie R. Stowe, for the purpose of defrauding this plaintiff, who was at the time an infant under the age of 21 years, out of his right, share and inheritance and his portion of his father's estate and acquiring the same to herself and her child, Amarylis Stowe-Cook, at about the time of the death of said Asa H. Stowe and after he had lost consciousness of what was transpiring and was unable to exercise any volition or express a wish to make any disposition of his property, well knowing that the said Asa H. Stowe was incapable of disposing of his property, wrongfully and willfully caused a mark to be made to an instrument purporting to be the will of said Asa H. Stowe as the mark and signature of said Asa H. Stowe, well knowing that said instrument was not the will of said Asa H. Stowe and

that he gave no assent to his mark or signature being placed thereto. Plaintiff further states that such instrument purporting to be the will of said Asa H. Stowe, purported to give the defendant Fannie R. Stowe and Amarylis Stowe-Cook all of the property of said Asa H. Stowe except the sum of $10, which was given to plaintiff. Plaintiff further states that defendant Fannie R. Stowe, for the purpose of further carrying out her plans and designs of defrauding this plaintiff of the property aforesaid, a few days after the death of the said Asa H. Stowe, to wit, on or about the —— day of October, 1876, presented such pretended will to the clerk of the probate court for probate as the last will and testament of said Asa H. Stowe, and that thereafter, to wit, on the —— day of October, 1876, said probate court, relying upon the truth of said parties that said will was the last will and testament of said Asa H. Stowe, *admitted the will to probate,* and by reason of the same the said defendant Fannie R. Stowe and Amarylis Stowe-Cook became possessed of the property herein first above described, and have at all times retained possession of the same and have retained the rents and profits arising therefrom. That by reason of the will the said defendants became the trustees for and in behalf of the plaintiff for an undivided one third of the above described property and the rents arising therefrom. Plaintiff states that all the above facts were known to defendant Amarylis Stowe-Cook.

''Plaintiff further states that he was ignorant of the facts and frauds relative to said will until it was too late to contest the same and did not learn of them until the year 1892, and that as soon as he learned of said fraud he instituted an investigation to ascertain the truth of the case. Plaintiff further states that defendant Cook is the husband of the defendant Amarylis Stowe-Cook; that in equity and good conscience plain-

tiff is entitled to an undivided one third of all the above described property, and also one third of all the rents and profits received by said defendants from said property since said —— day of October, 1876; that he has no remedy at law.

"Wherefore plaintiff prays that the court decree that defendants be declared trustees for plaintiff for an undivided one-third interest of the above described property and that the title to the same be adjudged and decreed as vested in the plaintiff, and that defendants be ordered and adjudged to account to plaintiff for an undivided one third of all the profits and rents received from said property. That an accounting be ordered to ascertain the amount of such rents and profits and that the amount so ascertained to be due. plaintiff be declared a lien upon defendants' interest in said property and judgment rendered therefor and for costs herein expended and for such other and further remedies as may be equitable. and just."

As the demurrer presents the defense in full, it is also subjoined.

Defendants demur because:

"*First.* The court had no jurisdiction to set aside the probate of said will of Asa H. Stowe, deceased, for fraud or otherwise, nor has this court jurisdiction to hold the defendants or any of them, trustee or otherwise, by contract or for fraud or otherwise, nor can the land or any of it, nor can the rents and profits or any part thereof be held or adjudged by this court to belong to the plaintiff as trust property or otherwise.

"*Second.* The second amended petition does not state facts sufficient to constitute a cause of action.

"*Third.* The second amended petition shows plaintiff has no title to subject-matter of the suit, either at law or equity, either to the land or any part thereof, nor to the rents or profits or any part thereof,

nor to any personal liability of these defendants or either of them or any of them, because the plaintiff's title to the real estate became vested in these defendants by their possession continuous from November, 1876, they claiming to own the same, no suit for possession, and no suit was begun to contest said will until the filing of this suit, and from the facts set up in the second amended petition plaintiff's title was divested by the statute of limitation (of ten years) out of him and vested in these defendants, and said will of Asa H. Stowe having been probated in 1876 by the facts stated in said second amended petition is now incontestable either for the purpose of being overthrown as a will or for the purpose of holding these defendants as trustees by reason of the frauds charged.

"*Fourth.* Plaintiff's cause of action as set up in said amended petition is barred by the statute of limitation of five years before this suit was begun.

"*Fifth.* There are no facts set forth in the second amended petition or in the record by which these defendants, or any or either of them, are made trustees for the plaintiff, either by contract or by operation of law or otherwise, either for said land or any part thereof or for any other matter or thing whatever.

"*Sixth. This is a suit in equity to set aside the will of Asa H. Stowe, deceased, and this court has no jurisdiction.*

"*Seventh.* Under the facts set up in the second petition this court has no jurisdiction to determine or adjudge or decree that the said will of Asa H. Stowe, deceased, was not executed or signed, or that it was obtained by undue influence, or that said will was forged, or that the probate thereof was obtained by fraud. Under the facts stated the probate is conclusive.

I. The probate of a will by a probate court in Missouri is a judicial act, not open to collateral attack.

Like the judgment of any other court of competent jurisdiction it is binding on all the world until set aside in the manner and within the time prescribed by law. If not so set aside it becomes final and absolute. *Jourden v. Meier*, 31 Mo. 40; *Creasy v. Alverson*, 43 Mo. 13; *Dilworth v. Rice*, 48 Mo. 124; *Banks v. Banks*, 65 Mo. 432.

The general statutes of 1865 in force when this will was made and probated in 1876, provided as follows:

*General Statutes of Missouri, 1865, page 520:* "Section 29. If any person interested in the probate of any will shall appear within five years after the probate or rejection thereof, and, by petition to the circuit court of the county, contest the validity of the will, or pray to have a will proved which has been rejected, an issue shall be made up, whether the writing produced be the will of the testator or not, which shall be tried by a jury, or, if neither party require a jury, by the court.

"Sec. 30. The verdict of the jury, or the finding and judgment of the court, shall be final, saving to the court the right of granting a new trial, as in other cases, *and to either party an appeal,* in matters of law, to the Supreme Court.

"Sec. 31. *If no person shall appear within the time aforesaid, the probate or rejection of such will shall be binding, saving to infants, married women, or persons of unsound mind a like period of five years after their respective disabilities are removed.*"

We have the same statute now in Revised Statutes of Missouri 1889, volume 2, pages 2051, 2052, sections 8888, 8889, 8890.

Both before and since the present revision the statute of Missouri has been the same. R. S. 1835, pp. 618, 619, secs. 16, 17, 18; R. S. 1845, p. 1083, secs.

31, 32, 33; 2 R. S. 1855, pp. 1571, 1572, secs. 30, 31, 32; R. S. 1879, p. 683, secs. 3980, 3981, 3982.

These statutory provisions furnish a method for contesting the judgment of the probate court. Wills and testaments are the creatures of statute. By statute the mode of execution and attestation is prescribed. The jurisdiction of the probate court is exclusive save as to review. By a familiar rule, as the statute creates both the right and remedy, that remedy is exclusive. By proceeding in the circuit court as permitted by the statute above set out the validity of the will may be tried anew. Incompetency, restraint, undue influence, fraudulent representations and any other cause affecting the validity of the writing propounded as a last will, are all questions upon which issues may be framed and tried in an action at law before a jury, or before the court if the jury be waived. But the courts of equity have no jurisdiction for the reason that the jurisdiction is expressly conferred upon the probate courts in the first instance, and upon the circuit courts by way of review if application be made within the time and in the manner prescribed by the statute of wills.

The contention of plaintiff is that he does not seek to set aside the probate of the will but merely to charge the defendants as trustees *ex maleficio* of his portion of his father's estate which they have received by virtue of the will. This is not a new question. Mr. Justice BRADLEY, in the case of *Broderick's Will*, 21 Wall. 503, quotes with approval Justice McLEAN's remarks in *Gaines v. Chew & Relf*, 2 How. (U. S.) 619, in which he said: "Formerly it was a point on which doubts were entertained, whether courts of equity could not relieve against a will fraudulently obtained. And there are cases where the chancery has exercised such a jurisdiction. In other cases such a jurisdiction has

*been disclaimed*, though the fraud was fully *established*. In another class of cases the fraudulent actor has been held a trustee for the party injured. These cases present no very satisfactory result as to the question under consideration. But since the decision in *Kerrick v. Bransby*, 3 Brown's Par. Cas. 385, and *Webb v. Claverden*, 2 Atkyns, 424, it seems to be considered settled in England that equity will not set aside a will for fraud or imposition. The reason assigned is, where personal estate is disposed of by a fraudulent will relief may be had in the ecclesiastical court, and, at law, on a devise of real property. In cases of fraud equity has concurrent jurisdiction with a court of law, but in regard to a will charged to have been obtained through fraud, this rule does not hold. It may be difficult to assign any very satisfactory reason for this exception. That *exclusive jurisdiction over the probate of wills is vested in another tribunal is the only one that can be given*. The American decisions on this subject have followed the English authorities." In 1890 the same question again came before the Supreme Court of the United States in *Simmons v. Saul*, 138 U. S. 439, and the decision in *Broderick's* case was fully sustained.

The organic and statutory law of Missouri has provided a system of courts expressly adapted to the probate of wills and the administration of estates. These courts afford every facility for the detection of frauds and imposition upon testators and from the earliest judicial history of the State all these questions have been heard on the law side of our circuit courts, and in the exercise of this administration equitable principles have been freely applied. In *Gay v. Gillilan*, 92 Mo. 250, this court said: "Courts of law, when called upon for redress in such cases, give it on precisely the same principle that guides courts of equity in

analogous cases." Thus it appears that from *Lyne v. Marcus*, 1 Mo. 410, down to and including *Garland v. Smith*, 127 Mo. 567, there has been one uniform course of decision in this State to the effect that courts of equity under our laws have no jurisdiction to set aside wills for fraud, but that jurisdiction is vested exclusively in the courts of law.

The effort to confer jurisdiction on the equity side of the court is an attempt to accomplish indirectly what the law will not permit to be done directly. The attempt to charge defendants as trustees is predicated upon the ground that Stowe's will was procured by fraud; that he was imposed upon; that he had not the mental capacity to execute a will. Each of these contentions was necessarily settled adversely to plaintiff by the probate of the will, and the subsequent lapse of time which rendered that probate a finality. As said in *Broderick's* case, *supra*, "the relief sought by declaring the purchasers trustees for the benefit of the complainants would have been fully compassed by denying probate of the will. On the establishment or non-establishment of the will depended the entire right of the parties; and that was a question entirely and exclusively within the jurisdiction of the probate court. In such a case a court of equity will not interfere, for it has no jurisdiction to do so." It is only by denying the binding effect of the judgment of probate in a collateral attack like this that there can be the slightest foundation for the alleged trust. The judgment of the probate court, it is true, was not finally and conclusively settled against plaintiff until the lapse of five years after he arrived at his majority. Up to that time our laws out of consideration for his minority reserved to him the right to file his petition in the circuit court, and have the validity of his father's alleged will tested on an issue of *devisavit vel non*. But according to the averments of

his petition he was born May 13, 1859. Accordingly on May 13, 1880, he was twenty-one years old. The statute gave him five years from that date to commence his contest of the will. That period expired May 13, 1885. The judgment of the probate court became absolute after this time had elapsed. *Hughes v. Burriss*, 85 Mo. 660. No other exceptions whatever are engrafted on that statute and it is not the duty or right of the courts to write new provisions into the statute. The infancy of plaintiff does not change the law. The express provision in his behalf of five years excludes all other exceptions. Moreover it is a special statute of limitations upon the sole topic of wills and their contest and it must be held to be exclusive of other statutes of limitation. *Davenport v. Hannibal*, 120 Mo. 150; *Richardson v. Harrison*, 36 Mo. 96.

As all these facts appear upon the face of the petition it must be held that the circuit court properly sustained the demurrer to the petition. The plaintiff stated himself out of court. It becomes unnecessary to discuss the other statutes of limitation.

The judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.