# ROBERTSON v. BROWN et al., Appellants.

### Division One, March 15, 1905.

1. **PARTITION: Postponement for Will Contest.** A suit for the partition of real estate brought by one whose only interest therein is as a devisee under a will, can not be defeated as having been prematurely brought by the fact that some of the heirs or legatees are minors and the will may be contested within five years after they reach their legal majority. A suit for partition can not be defeated on the ground that the period for contesting the will has not expired.

2. **————: Necessary Parties.** A childless testator gave an undivided half of the land in suit to his brother absolutely and the other half to him for life and the remainder in that half to four nephews in fee, and to a grandnephew, a child of a deceased sister of such nephews, $500, and he under the statutes, being a minor, is not barred from bringing a suit to have the will set aside. *Held,* that he is not a necessary party to the partition suit.

3. **————: ————: Power to Contest a Will.** The statutes do not mean that every person who might contest a will should be made a party to an action for the partition of land devised by will.

4. **————: ————: ————: Contingency.** The word "contingency" in the statute requiring every person to be joined in a partition suit "who upon any contingency may be or become entitled to any beneficial interest in the premises," was not used in the sense that every person who by any future possibility might have an interest in the land should be made a party. By that word the statute referred to such contingent interests as are recognized by the law as estates to take effect in future upon the happening of an uncertain event. The right to contest a will is in no sense such a "contingency."

Appeal from Callaway Circuit Court.—*Hon. John A. Hockaday,* Judge.

AFFIRMED.

*Orlando Hitt* for appellants.

(1) This case was prematurely brought. R. S. 1899, secs. 4375, 4386, 4622, 4624; Hughes v. Burriss, 85 Mo. 660; Lamb v. Helm, 56 Mo. 432; Tapley v. Mc-Pike, 50 Mo. 589; Stowe v. Stowe, 140 Mo. 594. (2) It is alleged in plaintiff's petition that the Louisiana & Missouri River Railroad Company has a right-of-way over 160 acres of the lands involved, and by the agreed statement of facts it is admitted that Joel. K. Hitt has a contingent undivided one-tenth interest in said lands. These two persons should have been made parties defendant in this proceeding, and it was error in the court to hear this cause and enter a judgment in partition without first having them made parties to this case and brought into court by due process of law. R. S. 1899, secs. 4375, 4376, 4377, 4378, 4386; Lilly v. Menke, 126 Mo. 190; Hiles v. Rule, 121 Mo. 248; Estes v. Nell, 108 Mo. 172; Dameron v. Jameson, 71 Mo. 97; Barney v. Baltimore, 6 Wall. 284.

*Robt. McPheeters* for respondent.

(1) Partition was not prematurely brought. Whilst the statutes allow a certain time in which the probate of a will may be contested, yet the rights of the beneficiaries under the will to the possession and enjoyment of their bequests and devises are not relegated or denied to them until the passing of that time. Legatees and devises enter upon the enjoyment of their benefactions upon the establishing of the will in the usual form in the probatee court. They assuming the hazard and liability of a subsequent setting aside of the probate of the will in contest proceedings. Otherwise intolerable hardships would result. Where property, real or personal, is held in common, partition is one of the incidents necessary to the full ownership and enjoyment of the same by the individual owner.

The right of partition is an absolute right which yields to no consideration of hardship or inconvenience. Haeussler v. Iron Co., 110 Mo. 194. The fact that there may be a contingent interest in real estate will not defeat the right of partition. Partition of real estate will not be refused because there is a contingent estate in the land which may hereafter become vested. R. S. 1899, secs. 4377 and 4378; Reinders v. Koppelman, 68 Mo. 501; Sikemeir v. Galvin, 124 Mo. 367; Preston v. Brant, 96 Mo. 552. (2) There was no deficiency of parties. Joel K. Hitt is not a necessary party for the reason that he has no interest in said real estate that can be adjudicated by this proceeding. He has none under the will and presents none. He has his five years' limitation after his majority to institute his suit to contest the will, and the circuit court has no power to adjudicate his claim or title in said lands, until he has first established such claims by proper proceedings within the limitations allowed him; and this especially can not be determined in a partition proceeding. Partition proceedings are not for the purpose of determining title to real estate, but to adjudicate and separate the interest of joint owners or tenants in common. Suits to determine title, as by ejectment, can not be joined with partition proceedings. Gott v. Powell, 41 Mo. 416; Reinders v. Koppelman, 68 Mo. 501; Sikemeir v. Galvin, 124 Mo. 367; Preston v. Brant, 96 Mo. 552; Cochran v. Thomas, 131 Mo. 271; Hinds v. Stevens, 45 Mo. 209; Estes v. Nell, 140 Mo. 639.

MARSHALL, J.—This is a suit for the partition of eighty acres, being the east one-half of the southeast quarter of section 32; one hundred and sixty acres, being the southwest quarter of section 33, subject to the right-of-way of the Louisiana & Missouri River Railroad; eighty acres, being the east half of the southeast quarter of section 33; and eighty acres, being the west half of the southeast quarter of section 33;

all in township 47, range 10, in Callaway county, Missouri.

The circuit court entered a decree for the plaintiff, and the defendants, except the *cestuis que trustents* under two deeds of trust on the land, appealed.

The case made is this:

Sometime early in the year 1896 Benjamin F. Robertson died, testate, seized of large tracts of land, of which that above described and sought here to be partitioned formed a comparatively small part. By his will, which was admitted to probate in common form in March, 1896, he devised an undivided one-half of the above-described land to his brother, John K. Robertson, the plaintiff, absolutely, and the other undivided half thereof he devised to his said brother for life, with remainder in fee to his nephews, John W. Brown, James R. Brown, Benjamin A. Brown and George Brown, but with an express provision that his said brother should have no power to sell or encumber the half in which he had such life estate.

The bulk of his estate he left to his said four nephews, and he left a special legacy of $500 to his grandnephew, Joel Kerr Hitt. He also left certain small specific legacies to charity or to religious organizations.

The testator left no lineal descendants and no widow. He left as his legal heirs his brother, John K. Robertson, the plaintiff, and his four nephews aforesaid and his grandnephew, said Joel Kerr Hitt. His said four nephews were the children of testator's deceased sister, Jane Brown, and his said grandnephew is the only child of their sister Mary Hitt, deceased, who was the only daughter of said Jane Brown. After testator's death and before the institution of this suit, one of his four nephews, to-wit, John W. Brown, died, leaving a widow, Mettie Brown, and three children, to-wit, Ethel Brown, Cleveland S. Brown and Williamette

Brown.   The widow elected to take a child's share in her husband's estate.

After testator's death, the plaintiff executed two deeds of trust upon his undivided fee in the land.   The estate of the testator was fully administered upon, the debts were all paid, and the administrator discharged.

The will was probated in March, 1896, and this action was begun on November 5, 1902, so that more than five years had elapsed after the probate of the will before this action was begun.

The three living nephews and the widow and children of the fourth, deceased nephew, and the beneficiaries under the two deeds of trust, were made parties defendant, and appeared and defended the suit, and they, with the exception of said beneficiaries under said deeds of trust, are the appellants herein.

Joel Kerr Hitt, the said grandnephew of the testator, is a minor, and would attain his majority in October, 1903.   He was not made a party to this action, and has never appeared therein.

The petition alleges most of the facts here stated (and the agreed statement of facts and the evidence show the others) and asks that the land be partitioned and that plaintiff be adjudged one-half in fee, and a life estate in the other half, and that said four nephews and their heirs be adjudged entitled to the remainder in fee in the other half, and that said deeds of trust be declared to be a lien on the half adjudged to the plaintiff in fee.

The answer is a general denial, with a special plea that the plaintiff and the defendants, other than the beneficiaries under the two deeds of trust, and Joel Kerr Hitt, are the legal heirs of the testator; that said Hitt is a minor and will not attain his majority until October, 1903; that plaintiff could only claim as heir except for the will; that the will was not probated until 1896, and that it may yet be contested, and therefore, this action was prematurely begun; and that said Hitt

has a contingent interest in the land, and, therefore, is a necessary party, and that the action can not. be maintained without he is made a party.

## I.

Defendants' first contention is that this action was prematurely begun.

The gist of the contention is, that under section 4622, Revised Statutes 1899, any person interested in the probate of a will may bring an action to contest the validity thereof at any time within five years after the will is admitted to probate in common form, or after it is rejected from probate; that under section 4624, Revised Statutes 1899, a minor or person under legal disability may bring such action within five years after the disability is removed; that said Hitt was a minor when this action was begun and would not attain his majority until October, 1903, and would be entitled to commence an action to contest the will at any time within five years after October, 1903, and, therefore, no action for a partition of the land could be maintained until after said time had elapsed.

In support of this contention defendants cite and rely upon the cases of Tapley v. McPike, 50 Mo. 589; Lamb v. Helm, 56 Mo. 432; Hughes v. Burriss, 85 Mo. 660, and Stowe v. Stowe, 140 Mo. 594. But an examination of those cases shows that they do not support the contention, and that the point here made was not involved or adjudicated in those cases.

Tapley v. McPike, 50 Mo. 589, was an action for the value of certain slaves that had been distributed in partition. The testator had devised all of his property to his wife, but in the event she married again, she was to have only one-third absolutely, and the remainder was to go to the testator's children. She remarried, and began a partition suit against the children and the administrator, and the property, including the slaves, was partitioned, and each took possession of the share

allotted to him. Afterwards the widow died, and the children brought suit to set aside the will, and were successful. Then two of the heirs brought suit for the value of the slaves that had been allotted to the widow, and which she had sold to the defendant. The defenses were, first, that the suit was not brought within five years after the judgment in partition, and therefore the action was barred; and, second, that the heirs were estopped to maintain the action because they had accepted the fruits of the partition. As to the plea of the Statute of Limitations, this court held that it was not tenable, because there had been no adverse or hostile possession, and because the statute did not run against minors until they attained their majority; and because the probate of a will in common form was not final, but the will might be contested at any time within the statutory period provided therefor. And as to the estoppel it was held that the heirs did nothing to encourage the other party to do anything to his detriment, and, hence, they were not estopped.

But the court did not hold that a suit for partition could not be maintained until after the period limited for contesting the will had expired. On the contrary, the rationale of the decision is that partition may be had before such time expires, but that the judgment of partition and its consequences go for naught if the will is afterwards successfully contested.

The only statute bearing upon the time when partition may be applied for, is section 4384, Revised Statutes 1899, which requires the court before decreeing partition to be satisfied that the estate has been finally settled and all claims against it fully discharged, or that the personal property or other real property not already partitioned, is more than sufficient to pay all claims and demands against the estate.

This statute clearly negatives the idea that no partition can be had until the time limited for contesting the will has expired, for such time might not expire

for over twenty years after the estate was finally administered upon and the debts all paid, if the heirs were very young at the date of the probate of the will. The courts, therefore, will not look with favor upon the tying up of estates for so long a period of time, and in the absence of express legislative restriction to that effect, will not adopt such a rule.

Lamb v. Helm, 56 Mo. 432, was a direct contest over a will, with a question as to who was entitled to act as administrator *pendente lite,* and no question as to when partition might be had was involved or decided.

Hughes v. Burriss, 85 Mo. 660, simply decides that where a devisee under a will conveys devised property, and the will is afterwards successfully contested, the title of the purchaser from the devisee fails. But that case did not involve or decide the question as to whether the land could be partitioned before the time for contesting the will had expired.

Stowe v. Stowe, 140 Mo. 594, was a bill in equity to set aside a will on the ground that it was obtained by fraud. It was instituted more than five years after the minor had attained his majority, and it was sought to tack the non-residence of the minor to the disability of a minor. No question as to the proper time for instituting partition proceedings was raised, involved or decided.

None of these cases support the contention that is made in this case that this action was prematurely begun. On the contrary, the better reason is in favor of allowing a partition as soon as the estate is administered upon and the debts are paid, and this is the idea conveyed by section 4384, Revised Statutes 1899. Of course property acquired under partition proceedings before a will has been probated in solemn form or before the expiration of the time limited for contesting a will, is liable to be thereafter divested, if the will is successfully contested. The fact that this may render a title secured under a partition proceeding less certain

or that it will affect the price the land will bring at the partition sale, is simply an argument *ab inconvenienti,* and does not go to the right to maintain such a proceeding at such time. As this disposes of this contention it is not necessary to decide whether the defendants can' plead the infancy of Joel K. Hitt.

## II.

Defendants' second defense is that Joel K. Hitt is a necessary party to this action. The defendants' theory is that section 4373, Revised Statutes 1899, requires every person who has any interest in the premises, whether in possession or otherwise, to be made a party; that sec. 4375, Revised Statutes 1899, requires that the petition shall describe the premises and set forth the names, rights and titles of all parties interested therein, so far as the same can be stated, including persons entitled to the reversion, remainder or inheritance, and of every person who, upon any contingency, may be or become entitled to any beneficial interest in the premises; that the minor, Joel Kerr Hitt, may yet contest the will and have it set aside, and, therefore, he has a contingent interest in the land, and, hence, is a necessary party.

On the other hand, the plaintiff contends that Hitt is represented by his uncles and their heirs, who are parties, and, therefore, he is not a necessary party.

The rights asserted by the parties to this suit arise out of the will. Hitt has no right under the will to the land here sought to be partitioned in this proceeding. The will gives the plaintiff one-half of this land absolutely, and a life estate in the other half with remainder in fee to the testator's four nephews. If there was no will or the will should be set aside, the plaintiff would be entitled to one-half of this tract absolutely. He would lose his life estate in the other half. But he would gain one-half of the balance of the estate, which is much more valuable than said life estate and

even more valuable than this whole tract. On the other hand, if the will should be set aside these defendants would lose six-tenths of the other tracts that were devised to them by the will, and would gain only to the extent of having the life estate of the plaintiff, in the land here involved, eliminated. Under the will, Joel Kerr Hitt will get only five hundred dollars, whereas if the will is set aside he will get one-tenth of all the land.

These considerations show that it would be to the advantage of both the plaintiff and Hitt to have the will set aside, but that it would be a very serious loss to these defendants.

If the rule laid down in Tapley v. McPike, 50 Mo. 589, cited and relied on by the defendants, correctly states the law, the making of Hitt a party to this suit, and his acceptance of a share of the land that might be allotted to him by a judgment herein, would have no effect upon his right to thereafter contest the will within the statutory period, for in that case a minor defendant was a party to the partition suit, accepted the portion allotted to him, and afterwards contested the will and had it set aside, and it was held that he could recover the value of a part of the property that was allotted to the other party in the partition suit, and that he was not estopped from so doing, either because he had been a party to the partition suit, or because he had accepted an allotment under the judgment in partition.

If this is the proper rule, the making of a minor a party defendant to a partition suit is a fruitless and unnecessary proceeding. That case has never been overruled or even criticized in this State. It was cited in Hughes v. Burriss, 85 Mo. l. c. 666, and in State ex rel. v. Guinotte, 156 Mo. l. c. 519, as authority for the proposition that a probate of a will in common form is not final, but that it is thereafter liable to be contested with-

in the statutory period, but the feature of that case here referred to was not noticed or discussed.

The statute is very broad, and requires every person to be made a party who has any interest in the premises to be divided, whether that interest be present, in possession, vested, in reversion, remainder, or inheritance, or who upon any contingency may be or become entitled to any beneficial interest in the premises.

The lawmakers were obviously trying to cover every kind of an estate that was known to the law. They did not, however, use the word "contingency" in the sense that every person who, by any future possibility, might have an interest in the land, should be made parties defendant.  Under such a construction the grandchildren, great-grandchildren and all of the collateral kin of the testator and of the defendants, would have to be made parties.  For the grandchildren or the collateral kin have an interest depending upon the death of their ancestors or of the next of kin who are parties to the action.  And it is manifest that the framers of the law did not use the word "contingency" in such a comprehensive sense, but that they referred to such contingent interests as are recognized by the law as estates to take effect in future upon the happening of an uncertain event, and the like.

The right to contest a will and, if successful, to take an interest in land under the Statute of Descents, is not an estate in land.  It is a mere privilege conferred by the Statute of Wills.  It is in no sense a contingent interest in land, which rises to the dignity of an estate.

It is inconceivable that the lawmakers intended that every person who might contest a will should be made a party to an action for the partition of land devised by will.  For what defense could such a party make to the partition proceeding?  He could assert no interest.  He could only say that he had a right to contest the will,

but that would not be an interest or estate in land which could be set apart to him in the partition case. In short, if Hitt was a party to this action no judgment in his favor could be rendered, and his right to afterwards contest the will could not be taken away or foreclosed by any judgment that could be rendered in this case. He could not have the validity of the will litigated in this case, and, therefore his right to contest the will would be the same whether he was a party to this action or not. Making him a party defendant in this case could not estop him from contesting the will afterwards.

It follows that Joel Kerr Hitt is not a necessary party to this action. This disposes of this case, for although it is argued that the railroad company that has a right-of-way over part of the land is a necessary party, no such issue was raised by the pleadings, and there is no evidence in the case that such is the fact. The will devises the land subject to the railroad right-of-way. The parties claim under the will. Whichever party is allotted the part of the land over which there may be such a right-of-way, will take subject to that right-of-way, and no judgment that could be rendered in this case could have any effect upon such right-of-way. Hence the railroad company is not a necessary party.

The judgment of the circuit court is affirmed. All concur.