JOURDEN, Appellant, v. MEIER *et al.*, Respondents.

1. A judgment of probate of a will is a judicial act, and, like any other judgment of a court of competent jurisdiction, it stands as a judgment binding upon all the world, until set aside in the mode and within the time allowed by law; its validity as a will can not be attacked collaterally.

2. The insufficiency of the proof on which the probate of a will is granted constitutes no valid objection to the admissibility in evidence of the record of probate.

3. A testator leaving him surviving a widow and a son, devised and bequeathed his property as follows: "Third. I give and bequeath to my beloved wife C. J., in lieu of her dower, the plantation on which we now reside, situate in the county of Gasconade and state aforesaid, containing forty acres, during her natural life, and all the live stock, cattle, hogs and sheep by me now owned and kept thereon, also all the household furniture and other items not particularly named and otherwise disposed of in this will, during her natural life as aforesaid, or [*sic*] so much thereof as may then remain unexpended, to my step-son C. M., and B. M., step-grandson, and to their heirs and assigns forever, both to be equal. Fourth. I give and devise to my son J. J. the sum of five dollars to him the said J. J. his heirs and assigns forever." These were all the granting clauses of the will. *Held*, that it was the clear intent to disinherit the son J. J.; that by the will the widow took a life estate in the land with remainder to the step-son and step-grandson.

### Appeal from Gasconade Circuit Court.

The facts in evidence sufficiently appear in the opinion of the court. The provisions of the will set forth below in the opinion of the court are all the granting provisions, except one with respect to the payment of debts and funeral expenses. The cause was tried by the court without a jury. The court refused the following declarations of law asked by the plaintiff: "1. To make a will a valid instrument to convey title to land, the same must be proven before a clerk or court having jurisdiction of the same, and probate must be granted by such clerk or court and duly certified; and unless probate has been granted on the will produced as the last will and testament of Joseph Jourden, then the defendants acquired no title to the land in controversy by virtue of such will. 2. And unless defendants show that probate has been granted as aforesaid, judgment must be for plaintiff. 3.

Unless the defendants show that the clerk or court did grant a certificate of probate, no title was acquired by virtue of said pretended will, and the judgment must be for the plaintiff. 4. If the court should find that the land in controversy was devised to Catherine Jourden during her natural life, and it was undisposed of at her death, and no other disposition of the same was made by said will, then the same at the death of the said Catherine belonged to plaintiff as the heir at law of said Joseph."

The court rendered judgment for defendants.

*Slater & Gale*, for appellants.

I. The will was not properly proved. (R. C. 1855, p. 1569, 1571, § 14, 16, 27.) It was not attested by the seal of office as required. (1 Stark. R. 243; 8 Ind. 464; 1 Greenl. § 518; 8 Mo. 421.) If authenticated, the devisee had only a life estate. (2 Jarm. on Wills, 123.)

*P. B. Garesché*, for respondent.

I. The will was duly probated. The whole record was produced. The neglect of the clerk to append a certificate does not invalidate it. The defendants' assignors took a fee simple in remainder under the will.

NAPTON, Judge, delivered the opinion of the court.

This is an action brought by the plaintiff as heir at law of Joseph Jourden, to recover the possession of a tract of land claimed by the defendants as purchasers from the devisees of said Jourden. The suit was brought in 1859.

Two questions were raised at the trial; the one, respecting the proper construction of the will; the other, as to the right of the defendant to introduce in evidence the paper purporting to be the will of Joseph Jourden as a probated will. The last was of course preliminary to the other, and in truth presents the principal difficulty in the case.

The defendants produced, from the office of the clerk of Gasconade county, a paper purporting to be the original will

of Joseph Jourden, with endorsements on the back in the handwriting of J. B. Harrison, then clerk of the county. The will bore date the 23d of December, 1844; was signed by the testator, in his mark, and attested by four subscribing witnesses. To this paper is appended the affidavit of two of the subscribing witnesses that the paper was signed by said Jourden and declared to be his last will and testament, and that the affiants signed the same as witnesses in his presence, and at his request, and in the presence of the rest of the subscribing witnesses, and that they also signed it in their presence and at the request of said testator. To this is added the certificate of the clerk: "Sworn to and subscribed before me this 13th of March, 1845. J. B. Harrison, clerk." The following is the endorsement on the will: "The last will of Joseph Jourden. Recorded the 5th of May, 1845. Probate granted." The following entries upon the records of the county court, at its April term, and on the first day thereof, were also read: "The clerk lays before the court his proceedings in taking proof of the last will and testament of Joseph Jourden, deceased, which proceedings were approved by the court." The record of wills was also produced, showing that said will was on the 5th day of May, 1845, duly recorded by the clerk aforesaid.

It is well settled that the probate of a will is a judicial proceeding. No particular form is prescribed by our statute in which the judgment of approval or probate shall be expressed. The fifteenth section of the act of 1835, by which this will must be governed, provided that when any will was exhibited to be proved, "the court or clerk may immediately receive the proof and grant a certificate of probate."

The judgment of the clerk or court, pronouncing a will to be legally proved or probated, is entirely distinct from the evidence upon which the judgment is pronounced. There is no provision in the statute of 1835 expressly requiring the clerk to reduce the examination of the witnesses to writing, and it is only by implication that we ascertain what proof was requisite to admit the will to probate. The first four

sections of the law prescribe who may make a will, and how it is to be acknowledged. It follows, from these provisions, that the officer, to whom a will is offered for probate, must be satisfied that the testator is of the requisite age and of sound mind, and that the will is executed and attested in the manner prescribed by the fourth section of the act. The form of the deposition, however, which, under certain circumstances, is authorized to be taken by the twelfth and thirteenth sections, only provided for proof of soundness of mind, and omitted any proof as to age. This has been altered in subsequent revisions. The twenty-first section provides that the oath of the subscribing witness, examined at the time of the probate, if reduced to writing at the time of taking such oath, shall be admitted in evidence in a trial respecting the validity of the will, authorized by the sixteenth section, where the witness is dead or can not be had at the trial. This section would seem to imply that a probate might take place upon evidence not reduced to writing. However this may be, the practice undoubtedly has been to commit the evidence to writing, and the twenty-first section of the revised code of 1855 requires it. (R. C. 1855, p. 1570.) The twenty-seventh section of the present law is not in the revision of 1835. (R. C. 1855, p. 1571.)

The objections to the admission in evidence of the will of Joseph Jourden were that the proof upon which the probate was granted was insufficient, and the clerk did not attest the probate by his seal of office.

As to the last objection, it is sufficient to say that the provision requiring this formality was not in the law when this will was admitted to probate.

The insufficiency of the proof is no objection to the admissibility of the record of probate. If a will is admitted by the clerk or court upon insufficient proof, the law has provided a mode by which the validity of the will may be disputed and decided. Those who are interested in the matter are allowed five years within which they can contest the validity of the will. (R. C. 1835, p. ——, § 16.) If the five

years are suffered to elapse, and they labor under no disability, the probate is binding. (R. C. 1835, p. ——, § 18.) A judgment of probate is like any other judgment of a court of competent jurisdiction. It must be set aside or annulled or reversed in the mode authorized by law, and until this is done, it stands as a judgment binding upon all the world. It is not material upon what evidence the judgment is based, for that is no part of the judgment.

The will of Joseph Jourden was then properly admitted. The omission of the clerk to take proof as to the sanity of the testator did not invalidate the probate. It was admitted to probate as the last will of Jourden, executed and attested according to law, and the judgment of the clerk was sanctioned by the court as the law directed. It stands as the will of the testator until it is set aside in the mode and within the time allowed by the law. Its validity, as a will, can not be attacked collaterally.

The ruinous consequences which would result from any other doctrine are apparent. The law allows ample time for contesting wills; but there would be no safety in their execution and the administration of estates in conformity to their provisions, if, after any lapse of time and in proceedings wholly collateral, the blunder of a clerk in taking the proof should be allowed to destroy the effect of the formal judgment of probate.

In relation to the construction of the will we think there can be no reasonable doubt. The provision, under which the plaintiff claims as heir at law, is this: "I give, devise and bequeath to my beloved wife Catharine Jourden, in lieu of her dower, the plantation on which we now reside, situate in the county of Gasconade and state aforesaid, containing forty acres, during her natural life, and all the live stock, cattle, hogs and sheep by me now owned and kept thereon, also all the household furniture and other items not particularly named and otherwise disposed of in this will, during her natural life as aforesaid, or [sic] so much thereof as may then remain unexpended to my stepson Joseph Mandeville,

and Balthazar Mandeville, step-grandson, and to their heirs and assigns forever, both to be equal."

This clause is equivocal as to the remainder in the land, but the succeeding one shows what was understood to be its meaning by the testator : " I give and devise to my son Jacob Jourden the sum of five dollars to him the said Jacob Jourden, his heirs and assigns forever."

It is manifest that the testator did not intend his son Jacob Jourden to take the remainder in his hands after the death of his wife. The bequest of five dollars is evidently intended as a disinherison. Taking the two clauses in the will together, it is plain that the testator intended the life estate in the land to go to his wife and the remainder to Joseph and Balthazar Mandeville. The language in which this idea is expressed may be ungrammatical, but the intent is sufficiently obvious. Judgment affirmed.