## STEVENS et al., Appellants, v. OLIVER et al.

### Division Two, December 22, 1906.

1. **WILLS: Foreign: Certification.** Where a will probated in Ohio, where testator died, is certified by a certain person as "judge and ex-officio clerk" of the probate court in which it was admitted to probate, and the signature of said person as ex-officio clerk is certified by the same person in the capacity of "sole and presiding judge" of said probate court, the will is admissible in evidence. The probate judge being ex-officio clerk of the same court, the probate record could not have been certified in any other way or by another person.

2. ———: ———: **Admitted to Probate Here: Collateral Attack.** The record of a probate court in this State admitting to probate a foreign will, is conclusive as against collateral attack.

3. ———: ———: **Evidence Here.** Even if not admitted to probate in this State, a will executed and probated in another State in accordance with the laws of this State, and recorded in the proper probate court in this State, is admissible in evidence in a partition suit, in the same manner and with like effect as domestic wills.

4. ———: **Collateral Attack: Partition.** A suit for partition cannot be regarded as a contest of the will. The probate of a will in Ohio and in Missouri cannot be collaterally attacked in this State; the judgment admitting it to probate is like any other judgment of a court of competent jurisdiction; it stands as a judgment binding upon all the world until set aside in the manner and within the time allowed by law.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*Johnson & Lucas* and *Frank Titus* for appellants.

(1) The document admitted in evidence purports to be certified by R. Brinkerhoff, Jr., as judge and ex-officio clerk of the probate court of Richland county, Ohio, and the signature of said R. Brinkerhoff, Jr., ex-officio clerk is certified by the identical R. Brinkerhoff,

Jr., in the alleged capacity of sole and presiding judge of such probate court. The absence of the original will was not accounted for. Such alleged copy was inadmissible in not being authenticated as required by law, and was further inadmissible in this case by reason of the testimony previously introduced of said R. Brinkerhoff, Jr., contained in his deposition, showing the illegality of the proof of such will as made in said probate court under the laws of Ohio. (a) Said purported will of John C. Larwill was neither executed nor proved in accordance with the laws of the State of Ohio. Bates' Ohio Stats. (3 Ed.), secs. 5916, 5917, 5926. These facts disclosing clearly that no judicial examination was had in open court as required by the Ohio statute; that no testimony was in fact taken regarding the execution of the will; no reduction thereof to writing; no notice given to the next of kin living in Ohio, of the purported probate, without doubt rendered such alleged certified copy inadmissible. Randolph v. Bayne, 44 Cal. 366; Allison v. Allison, 46 Ill 61; Smith v. Rich, 37 Mich. 549; Carmalt v. Post, 8 Watts (Pa.) 400; Summers v. McKim, 12 Serg. & R. (Pa.) 405; In re Eldridge, 82 N. Y. 170; Fisk v. Tank, 12 Wis. 306; Davis v. Upson, 209 Ill. 211; Floto v. Floto, 213 Ill. 438. That the testimony of this probate judge is proper and admissible, to contradict the alleged certificates purporting to come through him or from him, see Raum v. Ayermann, 2 Mo. App. 476; Holdridge v. Marsh, 30 Mo. App. 352; Eager v. Stover, 59 Mo. 87; Bradley v. Welch, 100 Mo. 258; Mays v. Pryce, 95 Mo. 603; Patterson v. Fagan, 38 Mo. 70; In re Jones' Will, 85 N. Y. Supp. 294. (b) It is contended by respondents that the alleged will and so-called certificates, as certified, are all competent evidence under the law regarding the authentication of judicial proceedings of the courts of other States; and the trial court upheld

this view. Such contention is erroneous. Sec. 3135, R. S. 1899. The probating or lodging in a probate court of Ohio, of a will, is not a judicial proceeding such as is contemplated either under the act of Congress, or the Missouri statutes. In re Hathaway's Will, 4 Ohio St. 383; Barr v. Closterman, 2 C. C. (Ohio) 391; Clardy v. Richardson, 24 Mo. 295. In Missouri, the filing for probate of a purported will and the proceedings in that connection, are uniformly held to be ex parte and merely provisional, and in no respect conclusive. Benoist v. Murrin, 48 Mo. 48; Watson v. Alderson, 146 Mo. 344. While the act of Congress and our statute, in contingencies to which they apply, may permit placing in evidence, upon due proof, of court proceedings which are strictly judicial in character, yet if such are not "judicial proceedings," as in the case at bar, they are entitled to no consideration in the courts of this State. Gillett v. Camp, 23 Mo. 375; Cox v. Cox, 101 Mo. 168; Sneed v. Ewing, 28 Ky. 466; In re Nash's Will, 37 Misc. Rep. (N. Y.) 706; Budd v. Brooke, 3 Gill (Md.) 232; Olney v. Angell, 5 R. I. 198; Wonderly v. Lafayette County, 150 Mo. 644; Bank v. Willey, 195 U. S. 257; Lanig v. Gay, 78 Pac. 810; Robertson v. Pickerell, 109 U. S. 608. (c) The title to land, the mode of vesting the same, and the rules regulating proof as to title, are more peculiarly local than any other features of our government. In all such matters, and especially where the authority of a will is invoked, the unvarying rule is that the *lex rei situs* governs in every detail. Dupus v. Mayo, 11 Mo. 314; State v. Clark, 178 Mo. 20; McCormick v. Sullivant, 10 Wheat. 192; Kerr v. Moon, 9 Wheat. 565; Lucas v. Tucker, 17 Ind. 41; Ins. Co. v. Bank, 68 Ill. 348; Sneed v. Ewing, 28 Ky. 460; Nowler v. Coit, 1 Ohio 519; In re Crawford, 68 Ohio St. 58; Robertson v. Barbour, 6 Mon. 523. (2) The question requested to be submitted to the jury: "Is the title to the lands sought to be partitioned in

this cause in the heirs of John C. Larwill?'' was a
proper one. Plaintiffs were entitled to a jury verdict
on all issues in the case as demanded by them. Benoist
v. Thomas, 121 Mo. 660; Gunn v. Thurston, 130 Mo.
339; Green v. Walker, 99 Mo. 73. (3) (a) The lands
involved in this action are not devised. None of the
lands owned by the alleged testator are mentioned.
The statutory heirs therefore inherit. Gaines v. Car-
riker, 50 Mo. 564; Eneberg v. Carter, 98 Mo. 651; White
v. Crawford, 87 Mo. App. 267; McQueen v. Lilly, 131
Mo. 16; Godfrey v. Wingert, 110 Ill. App. 563; Chamb-
erlain v. Taylor, 105 N. Y. 185; Read v. Williams, 125
N. Y. 560; Desloge v. Tucker, 94 S. W. 286; McGowan's
Estate, 190 Pa. St. 375; Bruckman's Estate, 195 Pa.
St. 363; Minkler v. Simons, 172 Ill. 323; Lewis v.
Harrower, 197 Ill. 315; Matthews v. Krisher, 59 Ohio
St. 562; Bane v. Wick, 14 Ohio St. 506; Davis v.
Davis's Executors, 62 Ohio St. 411; Crane v. Doty, 1
Ohio St. 279; Needles v. Needles, 7 Ohio St. 445;
Coffman v. Coffman, 85 Ill. 459; Lawrence v. Smith,
163 Ill. 166; Ames v. Holmes, 190 Ill. 561; Jones v.
Kelly, 72 N. Y. Supp. 24; Gallagher v. Crook, 132 N.
Y. 338; Ford v. Ford, 70 Wis. 48; Right & Mitchell v.
Sidebottom, 2 Doug. K. B. 759; Schouler on Wills (2
Ed.), sec. 480; Tiedeman on Real Property (2 Ed.),
secs. 319-321. (b) The statutory heirs to the lands
of the decedent Larwill, made such by the law of Mis-
souri, cannot be disinherited except by express and
lawful devise of the lands to others. Farish v. Cook,
78 Mo. 218; Eneberg v. Carter, 98 Mo. 651; Hurst v.
Von de Veld, 158 Mo. 239; McQueen v. Lilly, 131 Mo.
16; Matthews v. Krisher, 59 Ohio St. 562; Ames v.
Holmes, 190 Ill. 561; Parsons v. Miller, 189 Ill. 107;
Crane v. Doty, 1 Ohio St. 279; Chaunet v. Ives, 71 N.
Y. Supp. 33; Henrique v. Yale University, 28 App. Div.
(N. Y.) 361; Bruckman's Estate, 195 Pa. St. 363; Rupp
v. Eberly, 79 Pa. St. 144; Bates v. Woodruff, 123 Ill.

205; Baxter v. Bradbury, 20 Me. 264; Gibson v. Seymour, 102 Ind. 488; Bourke v. Boone, 94 Md. 472; Zimmerman v. Hafer, 81 Md. 347; 3 Washburn, Real Prop. (3 Ed.), p. 17. (c) The title to the lands involved at once vested in his statutory heirs on the death of the alleged testator, there being no devise in trust to the executors nor any powers whatever conferred by the purported will upon them. Ford v. Ford, 70 Wis. 67; McHugh v. McCole, 97 Wis. 166; Nowler v. Coit, 1 Ohio 519; In re Crawford, 68 Ohio St. 58; Estate of Fair, 132 Cal. 552; Estate of Fair, 136 Cal. 79; Henderson v. Henderson, 113 N. Y. 1; Booth v. Baptist Church, 126 N. Y. 243; Brennon v. Winkler, 37 S. C. 457; Parsons v. Miller, 198 Ill. 107; Sadler v. Turner, 8 Vesey, Jr. 617; Maxwell v. Maxwell, 2 DeGex, McN. & G. 705. (d) As regards all lands owned by alleged testator, the purported will in evidence, in addition to its other defects, is void for uncertainty; and especially so as to the lands here involved. Willey v. Clark, 105 Wis. 52; Cope v. Cope, 45 Ohio St. 464; Armistead v. Armistead, 32 Ga. 646; Howe's Appeal, 126 Pa. St. 233; Moran v. Moran, 104 Iowa 216; Tilden v. Green, 130 N. Y. 29; Brennen v. Winkler, 37 S. C. 457; Miller v. Travers, 8 Bingh. 244; Jackson v. Craig, 20 L. J. Ch. 204; Mohun v. Mohun, 1 Swanston 201; Brown v. Quintard, 177 N. Y. 75; Scott v. Guernsey, 48 N. Y. 106; Kelley v. Kelley, 25 Pa. St. 460; Jones dem. Henry v. Hancock, 4 Dow. H. L. Cases 199.

*Wash Adams, Chas. B. Adams* and *Gage, Ladd & Small* for respondents.

(1) The will was properly probated in Ohio. 1st. Because Joseph H. Larwill, the surviving brother, was the next of kin of the deceased, John C. Larwill, and he was not required to be notified because he did not live in Ohio. It is only if they reside in Ohio that the statute requires the next of kin to be notified. The

widow was notified and, there being no next of kin re-
siding in Ohio, the requirements of the statute as to
notice were complied with. 2nd. But a failure to no-
tify the next of kin does not render the judgment of
probate void. It is a mere irregularity and in no event
could be taken advantage of by anyone save Mrs.
Ewing and Mrs. Jenner, whom plaintiffs claim are the
next of kin intended, and they are defendants claiming
under the will. Dickey v. Vaun, 81 Ala. 425. 3rd.
These provisions of the Ohio statute are held to con-
template the ordinary probate of a will in common
form which is ex parte without notice. Under the Ohio
decisions, the requirement as to notice to the next of
kin is therefore clearly directory and not jurisdictional.
Hall v. Ashby, 9 Ohio 95; Bailey v. Bailey, 8 Ohio 239;
In re Hathaway, 4 Ohio St. 383. These decisions also
hold that the judgment of probate is a judicial act.
4th. Besides, the record of the Ohio probate court ex-
pressly recites and finds that the "widow and next of
kin of said decedent had been duly notified of the fil-
ing, pendency, prayer, and place and time of hearing
of said application" according to the previous order
of this court, which order is also shown by the record.
The statute does not require any particular form of
notice, but simply leaves the time and manner of notice
to the discretion of the probate court. There is no evi-
dence that Mrs. Jenner and Mrs. Ewing were not noti-
fied in some manner of the proceedings. Mr. Jenner
testified that no notice was served on his wife. This
was mere hearsay and service was not necessary.
There might have been a publication or posting of no-
tice as to the next of kin, which would have been suffi-
cient. The solemn recital of a court having jurisdic-
tion of the subject-matter cannot be overcome by mere
hearsay and inconclusive evidence. (2) But our stat-
ute does not require a will executed and probated in

another State to be executed and probated or proved according to the laws of that State, but simply according to the laws of this State, in order, when recorded in this State, to be admissible in evidence. Secs. 4634, 4635, R. S. 1899. The statute of this State does not require any notice to the next of kin in probating a will in the probate court, but simply its presentation and proof by the affidavits or testimony of the subscribing witnesses, as was done in this case in the probate court of Ohio. Therefore, our statute, as to the admissibility in evidence of a will executed and proved in another State, was complied with and nothing further was necessary. (3) This will was duly probated in the probate court of Jackson county, Missouri. Opp v. Chess, 204 Pa. St. 401. (4) The transcript from Ohio was proper evidence to sustain the judgment of probate in this State. Opp v. Chess, 204 Pa. 401. (5) But it is immaterial whether the probate court of Jackson county had proper evidence before it or not. It rendered a decree that the will was properly executed—that is, a decree probating the will. It had jurisdiction. Its judgment is conclusive against all collateral attacks. Stevens v. Larwill, 110 Mo. App. 140; Bright v. White, 8 Mo. 421; Hale v. Hill, 13 Mo. 613; Jourden v. Meyer, 31 Mo. 40; Applegate v. Smith, 31 Mo. 166; Dilworth v. Rice, 48 Mo. 124; Keith v. Keith, 97 Mo. 227; Calloway v. Corley, 15 Kas. 743; Opp v. Chess, 204 Pa. 401. The plaintiffs are seeking to contest the will of John C. Larwill in a partition suit—a collateral proceeding. This cannot be done. The probate of a will can only be attacked by a statutory proceeding to contest the will. It cannot be collaterally assailed. Stevens v. Larwill, 110 Mo. App. 140; Stowe v. Stowe, 140 Mo. 594. (6) But no probate of the will was required in this State. The will having been executed and proved in another State according to the laws of this State and "an authenticated copy of such will and the probate thereof"

having been "recorded in the same manner as wills executed and proved in this State" the same was admissible "in evidence in the same manner and with like effect" by express command of the statutes of this State. Secs. 4634, 4635, R. S. 1899; Keith v. Keith, 97 Mo. 227; Lewis v. St. Louis, 69 Mo. 595; Drake v. Curtis, 88 Mo. 644. (7) The real estate in question passed to the defendants (other than executors Smith and Oliver) under the said will and codicil thereto of said John C. Larwill. Therefore, plaintiffs had no interest in it and they were properly non-suited. "Technical rules must yield to the obvious intention of the testator." O'-Day Case, 193 Mo. 62; Sumate v. Bailey, 110 Mo. 411; Schouler on Wills (1 Ed.), secs. 522, 510; 2 Redfield on Wills, sec. 68 par. 48; Watson v. Watson, 110 Mo. 169; Carr v. Dings, 58 Mo. 400; Liggat v. Hart, 23 Mo. 127; Thayer v. Wellington, 91 Mass. 283; Smith v. Ewing, 73 Ohio St. 177.

BURGESS, P. J.—This is a suit for the partition of certain real property in Kansas City, Missouri, between plaintiffs who are nephews of John C. Larwill, deceased, and claim as his heirs, and the defendants, who claim as devisees and legatees under the last will and codicil of said Larwill. John C. Larwill died at Mansfield, Ohio, in August, 1901. At the close of all the evidence the court, at the instance of defendants, gave an instruction in the nature of a demurrer thereto, and instructed the jury to find for defendants, whereupon plaintiffs took a nonsuit with leave to set the same aside, and a motion to that effect being overruled by the court, plaintiffs saved their exceptions and bring the case before this court by appeal for review.

The will of John C. Larwill was admitted to probate in Richland county, Ohio, where he lived at the time of his death, and also in Jackson county, Missouri. An authenticated copy of said will with the certificate

of probate in Ohio and in this State was also recorded in the office of the probate clerk and of the recorder of deeds in said Jackson county. The will and codicil and certificates of probate are as follows:

"In the Probate Court of Richland County, Ohio,

## "PROBATE OF WILL.

"In the matter of the Will of John C. Larwill, deceased.

"*Be it remembered,* that on the 9th day of September, 1901, an instrument of writing purporting to be the last 'will and testament of John C. Larwill, deceased, was produced in open court, and an application filed therewith, by Richmond Smith, to admit the same to probate and record. Whereupon the court orders as follows:

"September 9, 1901. In the Probate Court of Richland county, Ohio. The Last Will and Codicil thereto of John C. Larwill, deceased.

"This day application was made in due form of law for the probate of the last will and codicil thereto of John C. Larwill, late of this county, deceased, whereupon it is ordered that notice issue from this court to the widow and next of kin of said decedent residents of Ohio acquainting them of the filing, pendency, prayer, and place and time of hearing of said application, which said time of hearing is hereby set for the 10th day of September, A. D. 1901, at 9 o'clock a. m.

"September 10, 1901. In the Probate Court of Richland county, Ohio.

"The last will and testament and codicil thereto of John C. Larwill, deceased.

"This day the application to admit the last will and codicil thereto of John C. Larwill, late of Richland county, Ohio, deceased, to probate, came on for hearing according to the previous order of this court and

thereupon came S. Brainard Leiter and L. A. Strong, the subscribing witnesses to said will, and S. B. Leiter and H. Scattergood, the subscribing witnesses to said codicil attached to said will, and in open court on oath testified to the due execution of said will and codicil thereto, which testimony was reduced to writing, and it appearing to the court from the testimony of said witnesses that said will and codicil thereto was duly and legally attested and executed and that said testator at the time of executing the same was of full age and of sound mind and memory, and not under any restraint, and it further appearing to the court that the widow and next of kin of said decedent have been duly notified of the filing, pendency, prayer and place and time of hearing of said application according to the previous order of this court; it is ordered that the said will and said codicil thereto be and the same is hereby admitted to probate, and that said will and codicil thereto together with the proceedings relative to the probate thereof be recorded in the will record of this court.

"I, John C. Larwill, of Mansfield, Ohio, do make and publish this, my last will and testament.

"*First.* I give and bequeath to my beloved wife in lieu of her dower in my real estate and of her distributive share of my personal estate and of any and all interest that she may be entitled to in or to my estate or any part thereof, one thousand dollars for personal expenses to be paid to her by my executor or executors within thirty days after my decease; also the further sum of one hundred thousand dollars to be paid to her twelve months or sooner at the convenience of my executor or executors, after my death, but if said sum of one hundred thousand dollars cannot be paid within said period of twelve months without inconvenience or sacrifice of property my executor or executors may take such further reasonable time for the payment thereof not exceeding two years from

the date of my decease, but if such further time for the payment of said one hundred thousand dollars is taken by my executor then my executor shall pay my wife interest on said sum at the rate of three per cent per annum, interest to be computed from twelve months after my decease, the interest to be paid to her annually. I further give and bequeath to my wife all the furniture, carpets, beds and bedding, piano, pictures and bric-a-brac, together with all the silverware, china and all household and kitchen furniture, stoves and fuel contained in the house in which we reside, also all the books in the library, and in fact everything in use in the house excepting such articles as I may specifically name as being bequeathed to other parties.

*Second.* It is my wish and will that the sum of not less than twenty thousand dollars nor more than twenty-five thousand dollars be applied and expended by my executor in the erection and completion of a monument or chapel to the memory of my son, Arthur, the design of which I intrust to my sister, Elizabeth L. Miller, my wife, and for the payment of the bequest to my wife, and the erection of the memorial to my son, Arthur, as provided in item first and second, my entire estate is to be held and the same is made a charge thereon, and the sum above named to be paid as provided for before any other bequests hereinafter mentioned are paid.

*Third.* I give and bequeath to the Baptist Church of Loudonville, Ohio, the following sums and for the purposes herein named, one thousand dollars to be invested as a permanent fund, the interest arising therefrom to be annually used in payment of the salary of the minister; two hundred dollars for the purchase of a book case for the Sunday School library; five hundred dollars for the purchase of books for said library; three hundred dollars to apply on the purchase of a pipe

organ for said church, and five hundred dollars to be invested as a permanent fund, the interest arising therefrom to be annually expended in the purchase of suitable books for the Sunday school of said Baptist church, the selection and purchase of said books to be made by or under the direction of the pastor of said church and the superintendent of the Sabbath school.

"*Fourth.* To my brother, William Larwill, I give and bequeath an annuity of six hundred dollars during his natural life to be paid to him quarterly; in addition to said sum of six hundred dollars to be paid to my brother, William, annually as herein provided, I direct my executor to set apart the sum of three hundred dollars to defray funeral expenses.

"*Fifth.* I also give and bequeath to my sister, Elizabeth L. Miller, the sum of fifty thousand dollars.

"*Sixth.* I give and bequeath to my brother, Joseph H. Larwill, the sum of fifty thousand dollars.

"*Seventh.* To my nephew, Miller Stevens, of Kansas City, Missouri, I give and bequeath the sum of fifteen thousand dollars, which shall be in full of any account for services rendered me, and from said sum of fifteen thousand dollars shall be deducted any indebtedness due either myself or wife as represented by note or otherwise.

"*Eighth.* I give and bequeath to John C. Larwill Stevens, son of George A. Stevens, of Kansas City, Missouri, one thousand dollars.

"*Ninth.* I give and bequeath to my nephew, W. L. Stevens, of Kansas City, Mo., four thousand dollars.

"*Tenth.* I give and bequeath to Mary Weimer, our faithful domestic, the sum of one thousand dollars.

"*Eleventh.* I give and bequeath to my cousin, Julia F. Carr, of Mansfield, Ohio, the sum of five hundred dollars.

"*Twelfth.* I give and bequeath to my niece, Julia

B. Jenner, of Mansfield, Ohio, the sum of one thousand dollars.

"*Thirteenth.* I give and bequeath to Cyrus S. Conn, of Mount Vernon, Ohio, the sum of five hundred dollars.

"*Fourteenth.* I give and bequeath to the children of W. S. Fisher, of Louisville, Ohio, to-wit, Howard Fisher, Emma Fisher, Susie Fisher, Mary Fisher and Charles Fisher, each one hundred dollars; if at the time of payment of the said sums any of said children not be of age the same shall be paid to the father of said children as trustee.

"*Fifteenth.* To the Hospital Association of Mansfield I give and bequeath the sum of five thousand dollars.

"All the bequests named above excepting items one and two are payable at the option and convenience of my executor.

"I require no appraisement nor inventory of my property to be made, nor do I require any bond from my executor.

"I nominate Paul Oliver, of Perryville, Ohio, as my executor and have full confidence that he will faithfully execute the trust I repose in him.

"In testimony hereof, I have hereunto set my hand and seal this 4th day of October, A. D. 1897.

"JOHN C. LARWILL (Seal).

"Signed and acknowledged by John C. Larwill, as his last will and testament in our presence and signed by us in his presence and at his request.

"S. BRAINARD LEITER.

"L. A. STRONG.

"*Whereas,* I, John C. Larwill, on the 4th day of October, A. D. 1897, made my last will and testament of that date, I do hereby declare the following to be a codicil to my said will.

"Item 1. I hereby revoke the bequest of five thousand dollars to the Hospital Association of Mansfield,

Ohio, unless fifteen thousand dollars additional shall be subscribed and paid in within one year after my decease, the same to be used in the construction and equipment of the said hospital; and I also require S. N. Ford, Robert B. Maxwell and Richard Smith shall be elected members of the board of trustees of said Hospital Association, and their decision regarding the provisions of this request being complied with shall be final.

"Item 2. I hereby give and bequeath to Laura Larwill, daughter of J. Fawcet Larwill, of Wooster, Ohio, the sum of fifteen hundred dollars.

"Item 3. I give and bequeath to my niece, Mrs. Julia B. Jenner, of Mansfield, Ohio, three hundred dollars per annum during her natural life, payable quarterly, the same being in addition to the amount given her in my will.

"Item 4. I give and bequeath to our faithful domestic, Mary Weimer, one thousand dollars in addition to the amount given her in my will.

"Item 5. To my nephew, O. H. Stevens, of Kansas City, Mo., one thousand dollars in consideration of his kindness and attention to his mother during her last illness and death.

"Item 6. I hereby revoke the donation in my will of three hundred dollars to the Baptist church of Loudenville, Ohio, toward the purchase of a pipe organ, the church having purchased one.

"Item 7. To my nephew, J. K. Miller Stevens, of Kansas City, Mo., I hereby give five thousand dollars in addition to the amount bequested to him in the body of my will, the same to be in full of all services heretofore rendered me and hereafter until the first day of January succeeding my death.

"Item 8. To the trustee of the Cemetery Association where my mausoleum may be built, the sum of one thousand dollars, the interest on the same to be applied

in keeping up said mausoleum and in beautifying the grounds.

"Item 9.   To my brother, William Larwill, I give the use during his natural life of the 80 acre tract of land I own in Howard township, Knox Co., Ohio, being the same land purchased by me from George Sapp, described as being off the west end of lot number five (5) in the first quarter of the seventh (7) township and eleventh (11) range in said Knox County U. S. M. land, he paying the taxes that may be assessed upon the same.

"Item 10.   To Mrs. Belle Critchfield, of Mount Vernon, Ohio, widow of John M. Critchfield, dec'd, the sum of five hundred dollars in consideration of her kindness to my deceased son, Arthur, during his life. This item is increased five hundred dollars, making in all one thousand dollars.

"Item 11.   I hereby authorize my executor to bid in at sale any property upon which I may have a mortgage lien, at their discretion and sell the same in like manner when they deem it for the interest of my estate so to do.

"Item 12.   My Mansfield Gas Stock, Humphreys Manufacturing stock, Ohio Brass Company stock, Citizens Bank stock of Mansfield, 1st National Bank stock of Bowling Green, Ohio, to be the last of my effects to be disposed of by my executors, the income from the same to be used in paying annuities, etc.

"Item 13.   I give and bequeath to my wife Susan M. Larwill, as trustee for the benefit of the Library Association of Mansfield, Ohio, five thousand dollars, to be expended by her in the purchase of books, or otherwise, as she may see fit, but to be expended within three years after my death.   All bequests made in my will and codicil will be payable at the pleasure of my executors.

"I hereby nominate and appoint as my executors

Paul Oliver of Perryville, Ohio, and Richard. Smith of Mansfield, Ohio.

"The residue of my estate I wish divided into twenty-four shares as follows, to-wit: To my wife, Susan M. Larwill, four shares; to my brother, Joseph, four shares; to my brother, William, two shares; to my sister, Elizabeth L. Miller, two shares; to my nephew, Paul H. Larwill, four shares; to my nephew, Miller Stevens, of Kansas City, Missouri, one share; to my niece, Julia Jenner, one-half share; to the First Baptist church of Loudonville, one-half share. The residue to be divided equally between my wife and my sister, Elizabeth, my brother, Joseph, and his son, Paul.

"I am not unmindful of the fact that I have omitted from my will all mention of several relatives of mine. This omission is not accidental or inadvertent or from any unkind feelings on my part, but deliberate and determined, and for reasons which seem to be good and sufficient, I have decided to exclude from any participation in my estate any and all persons not mentioned in this, my will and codicil.

"In testimony whereof, I have hereunto set my hand and seal this 28th day of September, in the year ninteen hundred.

"JOHN C. LARWILL (Seal).

"Signed and acknowledged by said John C. Larwill as a codicil to his last will and testament, in our presence and signed by us in his presence.

"S. B. LEITER.
"H. SCATTERGOOD.

"The State of Ohio, Richland County, ss:

"We, S. Brainard Leiter and L. A. Strong, being duly sworn, in open court, this 10th day of September, A. D. 1901, depose and say that we were present at the execution of the last will and testament of John C. Larwill, deceased, hereunto annexed; that we saw said testator subscribe said will, and heard him publish and

declare the same to be his last will and testament, and that the said testator at the time of executing the same, was of full age, and of sound mind and memory, and not under any restraint; and that we signed the same as witnesses at his request, and in his presence, and in the presence of each other.

"S. BRAINARD LEITER.

"L. A. STRONG.

"Sworn to and subscribed in open court the day and year first above written.

"R. BRINKERHOFF, JR.

"Probate Judge.

"In the State of Ohio, Richland County:

"We, S. Brainard Leiter and H. Scattergood, being duly sworn in open court this 10th day of Sept., A. D. 1901, depose and say, that we were present at the execution of the codicil to the last will and testament of John C. Larwill, deceased, hereunto annexed; that we saw said testator subscribe said codicil and heard him publish and declare the same to be a codicil to his last will and testament, and that the said testator at the time of executing the same was of full age and of sound mind and memory and not under any restraint and that we sign the same as witnesses at his request and in his presence and in presence of each other.

"S. BRAINARD LEITER.

"H. SCATTERGOOD.

"Sworn to and subscribed in open court the day and year first above written.

"R. BRINKERHOFF, Probate Judge.

"The State of Ohio, Richland County, ss.

"I, Rocliff Brinkerhoff, Jr., judge of the probate court in and for the county, do hereby certify that the within foregoing and attached writing is a correct copy from the will record of said county now in said Pro-

bate Court, of the last will and testament of John C. Larwill, deceased.

"Witness my signature and the seal of said probate court at the city of Mansfield, this 24th day of Sept. A. D. 1901.

(Seal of Court.)

> "R. BRINKERHOFF, JR.
> ".Probate Judge.
> "By L. V. SNIDER, Deputy Clerk.

"The State of Ohio, Richland County—ss.

"I, R. Brinkerhoff, Jr., judge and ex-officio clerk of the probate court within and for said county, hereby certify the foregoing to be a complete and true copy of the last will and testament of John C. Larwill, deceased, as the same remains on file and record in said court, together with the orders of said court thereon, including the order of probate thereof, and the testimony of witnesses to prove the same, as recorded in Record of Wills, Vol. 13, p. 257.

"Witness my official signature, and the seal of said court, at Mansfield, Ohio, this 25th day of Oct. A. D. 1901.

"(Seal of probate court of Richland county, Ohio.)

> "R. BRINKERHOFF, JR.,

"Judge and Ex-officio Clerk of the Probate Court of Richland County, Ohio.

"The State of Ohio, Richland County—ss.

"I, R. Brinkerhoff, Jr., sole and presiding judge of the probate court in and for said county and State, the same being a court of record in said county, do hereby certify that R. Brinkerhoff, Jr., whose genuine signature is attached to the foregoing signature is and was at the time of signing the same, judge of said Probate Court and ex-officio clerk thereof, and as such, full faith and credit are due his acts, and that the above and foregoing certificate is in due form of law, and made by the proper officer.

"In witness whereof, I have hereunto set my hand this 25th day of Oct., A. D. 1901.

"(Seal of probate court, Richland County, Ohio.)

"R. BRINKERHOFF, JR.,

"Judge of Probate Court within and for said County and State aforesaid.

"State of Missouri, County of Jackson, ss.

"In the Probate Court of Jackson County, September Term, 1901.

"I, H. P. Hersperger, clerk of the probate court of the county and State aforesaid, hereby certify that the foregoing instrument of writing, purporting to be a duly authenticated copy of the last will and testament of John C. Larwill, deceased, late of the County of Richland and State of Ohio, as proved and admitted to probate in said county and State, was on this day filed herein for record; and the court here having examined the same, and the proofs and certificates thereto attached, finds that the same was executed and proved according to the laws of this State, and now admits the same to record herein, in the same manner as wills executed and proved in this State.

"In witness whereof, I have hereunto set my hand, and affixed the seal of said court, at my office, in Kansas City, this 4th day of November, A. D. 1901.

"(Court Seal.)

H. P. HERSPERGER, Clerk."

The judgment of probate and appointing administrator with the will annexed in Jackson county, Mo., are as follows:

"September Term, November 4th, 1901. "In the matter of the estate of John C. Larwill, deceased. No. 5643.

"Now on this 4th day of November, 1901, comes Joseph H. Larwill, and presents to this court a duly

certified and authenticated copy of the last will and codicil thereto of John C. Larwill, deceased, and it appearing to this court that the said last will and codicil was executed and proved in accordance with the laws of this State and that said Larwill died seized of real estate in the City of Kansas, County of Jackson, and State of Missouri.

"It is therefore ordered and adjudged that the said exemplified copy of the last will and codicil and the probate thereof be filed and recorded as domestic wills are filed and recorded; that said Joseph H. Larwill be and he is hereby appointed administrator of the estate of said John C. Larwill, deceased, with the said will annexed; that he enter into and file in this court his bond as such administrator with the will annexed, in the penal sum of ten thousand dollars, and the said Joseph H. Larwill now presents his bond conditioned according to law with National Surety Company as surety, which said bond is by the court approved."

The testator left no children and no sister, but left surviving him his widow, Susan M. Larwill, and one brother, Joseph H. Larwill, who lived in the State of Montana at the time of the testator's death.

After the testator's death Joseph H. Larwill went to Ohio, and, at the suggestion of the defendants Oliver and Smith, executors in Ohio, went to Kansas City to make that place his residence, and was appointed administrator with the will annexed of said testator.

The testator's brother, William, mentioned in the will, died before he did, leaving no descendants. His sister, Mrs. Miller, mentioned in the will, also died before the testator, leaving the defendant, Mrs. Ewing, her only heir. Mrs. Bartley and Mrs. Stevens, sisters of the testator, were also dead, the former leaving the defendant, Julia B. Jenner, her daughter and only heir, and Mrs. Stevens left the following named chil-

dren: the plaintiffs, George A. Stevens, and Oscar H. Stevens, and Edward A. Stevens, W. L. Stevens and J. K. Miller Stevens. Said Edward A. Stevens afterwards died before this suit was brought, leaving his children, the defendants Wm. L. Stevens, Mary C. Stevens and George F. Stevens, as his sole heirs. J. K. Miller Stevens died since the beginning of this suit, leaving as his only heirs at law Mary Catherine Stevens and George F. Stevens, infants of tender years. Mrs. Jenner and Mrs Ewing lived in Ohio at the time of John C. Larwill's death. The Stevens children lived in Kansas City.

The argument of this case on behalf of plaintiffs has assumed an exceedingly wide range, but the points upon which the case turns are but few, and to these we will direct our attention.

It is claimed by plaintiffs that the court committed error in admitting in evidence over their objection documents claimed to be a certified copy of the will of John C. Larwill. The objection more specifically stated is that the document purports to be certified by R. Brinkerhoff, Jr., as judge and ex-officio clerk of the probate court of Richland county, Ohio, and the signature of said R. Brinkerhoff, Jr., ex-officio clerk, is certified by the same person in the alleged capacity of sole and presiding judge of such probate court. The probate judge was ex-officio clerk of the same court and the probate record could not have been, under these circumstances, certified by any other person, or in any other way. These documents, as they are called, were the copy of the will and its certificate of probate in the probate court of Richland county, Ohio, where the testator resided at the time of his death, duly authenticated in accordance with the act of Congress, and, the will thereafter on the 4th day of November, 1901, filed for record in the probate court of Jackson county, Missouri, and that court having examined the same, and

the proofs and certificates thereto attached, found that the will was executed and proved according to the laws of this State, and admitted the same to record in the same manner as domestic wills. The record of the probate court of Jackson county admitting the will to probate is conclusive as against collateral attack. [Secs. 4634, 4635, R. S. 1899; Applegate v. Smith, 31 Mo. 166.]

But even if the will had not been admitted to probate in Jackson county, as it was executed and probated in Ohio, in accordance with the law of this State and recorded in the office of the probate court of Jackson county, it was admissible in evidence in the same manner and with like effect as domestic wills. Our statute provides that any person owning real property in this State may devise the same by will, executed and proved according to the laws of this State. Section 4635, Revised Statutes 1899, provides that "authenticated copies of such wills, and the probate thereof, shall be recorded in the same manner as wills executed and proved in this State, and shall be admitted in evidence in the same manner and with like effect." Section 4636 provides that "any such will may be contested and annulled, within the same time, and in the same manner, as wills executed and proved in this State." Section 4630 provides that "all wills should be recorded by the clerk of the probate court, in a book kept for that purpose." In construing these statutes in Keith v. Keith, 97 Mo. 223, it was held that a will executed and probated in another State in conformity with the law of this State, need not be proved anew here—but may be recorded here as domestic wills are required to be recorded, and when thus recorded a certified copy of such will and the probate thereof was admissible in evidence in this State. [Drake v. Curtis, 88 Mo. 644.]

But plaintiffs insist with much earnestness that the claim of defendants that John C. Larwill is proved

by the record herein to have executed with the formalities of law a last will and testament devising his lands in Missouri and that such will was lawfully admitted to probate and proved in the courts of the States of Ohio and Missouri, is without foundation in fact and disproven by the record herein. It is only by evidence *aliunde* that the contention can for one moment be considered, and if we are right in what we here intimated, that is, that the probate of the will in Ohio and in Missouri were judicial acts, and not open to collateral attack, then it is clearly untenable. Such a judgment is not only not open to collateral attack, but is like any other judgment of a court of competent jurisdiction; it stands as a judgment binding upon all the world, until set aside in the mode and within the time allowed by statute; its validity as a will cannot be attacked collaterally and if not set aside it becomes final and absolute. [Stowe v. Stowe, 140 Mo. 594; Jourden v. Meier, 31 Mo. 40; Creasy v. Alverson, 43 Mo. 13; Dilworth v. Rice, 48 Mo. 124; Banks v. Banks, 65 Mo. 432.]

As was said in Stevens v. Larwill, 110 Mo. App. l. c. 159, "The suit for partition cannot be regarded as a contest of the will. The will was duly probated and can be contested only by a proceeding in the manner required by sections 4622 and 4636, Revised Statutes. Such a proceeding has been held to be the exclusive remedy for contesting a will once admitted to probate and that its validity cannot be attacked in a collateral proceeding. [Jourden v. Meier, 31 Mo. 40; Stowe v. Stowe, 140 Mo. 594.]"

The judgment is clearly for the right party, and, the record being free from substantial error, it should be affirmed. It is so ordered.

All concur.